M/D-2

FORM FOR USE IN APPLICATIONS

RECEIVED

FOR HABEAS CORPUS UNDER 28 U.S.C. §2254 2007 APR 9  A 10: 23

Name _John Stephen Coleman SR._

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Prison Number _223809_

Place of Confinement _Eastering Correctional Facility_
_200 Wallace dr. Clio, al. 36017_

United States District Court _Middle_    District of _alaBama_

Case No. _2:07cv294-mHT_
(To be supplied by Clerk of U. S. District Court)

_John Stephen Coleman Sr._
_____, PETITIONER
(Full name) (Include name under which you were convicted)

_Warden DavenPorte_
_____, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF _AlaBama_

_Circuit Court of Bullock County, AlaBama_ , ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgment which imposed a sentence to be
served in the future, petitioner must fill in the name of the state where the
judgment was entered.  If petitioner has a sentence to be served in the future
under a federal judgment which he wishes to attack, he should file a motion
under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the
petitioner under penalty of perjury.  Any false statement of a material
fact may serve as the basis for prosecution and conviction for perjury.
All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83,
the 8-1/2 x 11 inch paper size standard for use throughout the federal
judiciary and directed the elimination of the use of legal size paper.  All

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, <u>the original and two copies must be</u> mailed to the Clerk of the United States District Court whose address is
<u>              P. O. Box 711, Montgomery, Alabama  36101         </u>

<hr>

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

    *If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  <u>Bullock County DISTRICT Court</u>

2. Date of judgment of conviction <u>Nov. 15 - 2004</u>

3. Length of sentence <u>258 yrs</u>     Sentencing Judge <u>Horonville SurthearT</u>

4. Nature of offense or offenses for which you were convicted: <u>3 Counts</u>
<u>DISTRIBUTION 2 counts giving to a MINOR</u>

5. What was your plea? (check one)
   (a) Not guilty  ( )
   (b) Guilty      ( ✓ )
   (c) Nolo contendere  ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (Check one)
   (a) Jury ( )
   (b) Judge only (✓)

7. Did you testify at the trial? Yes ( )  No (✓)

8. Did you appeal from the judgment of conviction? Yes (✓) No ( )

9. If you did appeal, answer the following:
   (a) Name of court Criminal Court of Appeals
   (b) Result Denied
   (c) Date of result 10 Nov 2005
   If you filed a second appeal or filed a petition for certiorari in the
   Supreme Court, give details: Stricken pursuant to Rule
   39 C 2

10. Other than a direct appeal from the judgment of conviction and sentence, have
    you previously filed any petitions, applications, or motions with respect
    to this judgment in any court, state or federal? Yes (X) No ( )

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court Bullock County Circuit Court
       (2) Nature of proceeding Rule 32

       (3) Grounds raised To With draw guilty pleas. Was under
       mind altering Drugs During trial.


       (4) Did you receive an evidentiary hearing on your petition, application
           or motion? Yes (X) No ( )
       (5) Result Denied
       (6) Date of result
    (b) As to any second petition, application or motion give the same infor-
        mation:
        (1) Name of court Alabama Supreme Court
        (2) Nature of proceeding Writ of cert orara

        (3) Grounds raised Mail Box Rule, mental Health, Illegal
        Sentence, Guilty pleas entered involuntarily, Indictment
        void, Ineffective assistance of Counsel.


        (4) Did you receive an evidentiary hearing on your petition, application
            or motion? Yes ( ) No (X)
        (5) Result
        (6) Date of result

(c) As to any third petition, application or motion, give the same information:
    (1) Name of court _____
    (2) Nature of proceeding _____

    (3) Grounds raised _____ N/A _____

    _____

    _____

    _____

    _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (X)
    (5) Result _____
    (6) Date of result _____
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
    (1) First petition, etc.        Yes ( ) No (X)
    (2) Second petition, etc.     Yes ( ) No (X)
    (3) Third petition, etc.      Yes ( ) No (X)
(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: I DID NOT
KNOW you could appeal any of them.
_____

_____

_____

_____

12.  State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

    CAUTION:  In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: MAIL BOX Rule

Supporting FACTS (tell your story briefly without citing cases or law): Mail Box Rule, DID they have the right to rule my motion to with draw my plea was a DAY late when they did not apply the mail Box rule.

Exhibit A

B. Ground two: mental Health.

Supporting FACTS (tell your story briefly without citing cases or law): DID they the Counts ADUse discreation when Coleman filed motion for mental evaluation, and was on mind altering Drugs during Court proceeding

EX-B

C. Ground three: _ILLEGAL Sentence_

Supporting FACTS (tell your story briefly without citing cases or law): _sentence exceeds normal time given for cases_

_EX.C._

D. Ground four: _Where Guilty Pleas were entered UNKNOWINGly and willingly AND voluntary_

Supporting FACTS (tell your story briefly without citing cases or law): _DiдN't explaiд sentences would run consective was told they would run concurrent with each other._

_EX D._

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them:_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (✓)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing _Thomas Kelly, Clayton AL_

   (b) At arraignment and plea _Thomas Kelly, Clayton AL_

(c) At trial _Thomas Kelly, Clayton Al._

(d) At sentencing _Thomas Kelly Clayton al._

(e) On appeal _UTOPIA Cassady fair Hope, al._

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____
_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( ✓ ) No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( ✓ ) No ( )
(a) If so, give name and location of court which imposed sentence to be served in the future: _Bullock County, District Court 20yrs_
(b) And give date and length of sentence to be served in the future: _____ _20yrs._
(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( ✓ ) No ( )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.


_____
Signature of Attorney (if any)

I declare ( or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _4-5-07_ .
(date)

_John S. Colenca Sr._
Signature of Petitioner

John Coleman 223809

E.C.F. Gf-28a

200 Wallace Dr.

Clio, Al 36017

Clerk of the United

District Courts

P.O.Box 711

Montgomery, Al.

36101

Legal
Mail

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.



## Mail Box Rule

28 USCA § 2255

ADAMB vs. USA 173 F3d 1339 (11th Cir. 1999)

A. the mail Box Rule for Prison fillings.

[1] a pro-se prisioners notice of appeal is Considered to be
filed on the Date that the Prisoner Delivers the notice to
prison Authorities for mailing Houston v Lack 487
US 266, 275 108 S.Ct. 2379, 101 L.ed 2d 245 (1988) this
same mail Box Rule, governs the filing Date for a complaint
by a Pro-Se prisoners 1983 or the federal Tort Claims
act Garvey v Vaughn 933 F2d 776, 783 (11th Cir 1993)
Sonnier v Johnson, 161, F3d 941, 944 (5th Cir. 1998)

The mail Box Rule from Houston is Based on the notion
that a prisoner has no choice but to intrust the
forwarding of his notice of appeal to prison authorities
whom he cannot Control of Supervise and whom may have
every incinitive to delay 487 U.S. at 271, 108 S.CT. 2379
Fed. Rules Cir. Pro. Rule 59 e, 28 U.S.C.A.

Motion to Alter or Amend Judgment filed by a prisioners
who was proceeding prose in habeas proceedings pro-se in
hadeas proceedings on day past the ten (10) Day period for filling
such a motion, would be persumed to have been Delivered
to prison authorites for Mailing within the 10 day period
making the motion Timely. Fed. Rules, Civil Pro. Rule
59e 28 USCA.

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

STATE OF ALABAMA,                    )
    PLAINTIFF,                    )
                     )
                     )
VS.                    )    CC 2004-46, 47 & 48
                     )
JOHN STEPHEN COLEMAN, SR.,        )
DEFENDANT.                    )

## MOTION TO WAIVE GUILTY PLEA

Comes now the defendant, John Stephen Coleman, Jr., by and through his attorney, Thomas F. Kelly, Jr., and after discussion with his Attorney, it is the Defendant's wish to waive his plea of guilty on the following grounds:

1.    Mr. Coleman was sentenced on December 9, 2004, to a term of 20 years in CC 2004-46, 20 years in CC 2004-47 and 99 years in CC 2004-47(A felony) in the state penitentiary, to run consecutive with his current sentence.  He was also sentenced to 20 years in CC 2004-48 and 99 years in CC 2004-48(A felony) in the state penitentiary, to run consecutive with his current sentence.

2.    The defendant states that he unknowingly entered into a plea agreement.  To maintain a plea of guilty in such a case will create a manifest injustice.

3.    Under Rule 14.4 (e) of the Rules of Criminal Procedure, the Court may allow the withdrawal of a plea of guilty when necessary to correct a manifest injustice.

Wherefore, defendant respectfully requests that a hearing be set to consider this motion. Respectfully submitted this the 17th day of December, 2004.

Thomas F. Kelly, Jr.    (KEL056)
Attorney for the Defendant
Post Office Box 605
Clayton, Alabama  36016
(334)775-8009

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the foregoing by U. S. Mail, postage prepaid, upon Honorable S. Boyd Whigham, District Attorney, P. O. Box 61, Eufaula, Alabama 36072, on this the 16th of December, 2004.

Thomas F. Kelly, Jr.    (KEL056)
Attorney for the Defendant

IN THE Circuit Court of Bullock County Alabama

STATE of ALABAMA
   Plaintiff

VS.
   John Coleman
      Defendant

CC
CASE NO: 2004-046-047-048

(A) 51

# MOTION TO WITHdraw Guilty Pleas

Come Now Petitioner, John Coleman in the Above style
cases, Did Enter a plea of Guilty on 9th Day November
2004. in the Above cases 2004-046-047-048
Comes Now Petitioner to Notify the Courts of his motion
to withdraw Guilty Plea's to NOT Guilty on this 22 day
November 2004

John Coleman

I hereby Certify that I have sevred a copy of
the forgoing by U.S. MAIL. postage prepaid. upon
the Honorable L.B. Smithart, on this 22 Day November
2004.

John Coleman

12-9-04
Withdrawn - Open Court on Record
Bt Stlt

63



IN THE CIRCUIT COURT OF _Bullock_____ COUNTY, ALABAMA
NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS OF ALABAMA

_John Coleman_____  :
APPELLANT,

VS.                                           :

STATE OF ALABAMA,                  :     CASE NO. _2004-46-47-48_
APPELLEE.                                :     _3-7-05_
                                                      DATE OF DENIAL

UNDERLINE NOTICE OF APPEAL

Notice is hereby given that _Petitioner John Coleman_

appeals to the above - named court from the judgment of denial

of _Motion to Withdraw Guilty Plea_

ENTERED IN THIS CAUSE ON THE _18_ day of _March_,

20_05_.

_____

_____

Dated: _3-19-05_____

I am, this date, serving a copy of the foregoing on all parties
required by the A.R.A.P., via United States Mail, first class and
proberly addressed.

                              Respectfully submitted,

                              _John Coleman_

In the Circuit Court
of
Bullock County Alabama

(A)

State of Alabama

vs.

John Stephen Coleman

Case No. # 9CC 2004 4606
4200
4800

# MOTION TO WITHDRAW Guilty Pleas

Comes now Petitioner John S. Coleman in the above style cases entered a Guilty Plea on or about Dec. 9, 2004 wish to have this Honorable Court withdraw such pleas

BASED ON;

The Petitioner suffers and has been treated for Mental Illness for the past 10yrs. for the past 2yrs. Petitioner as been placed on mind attering Drugs By the Department f Corrections and is currenly still taking Drugs. Petitioner at the time of sentencesing was under durress from such Drugs; and was unable to make a knowingly willfully dession. Therefore didn't understand the sentences he plead to.

Motion to Compell
to explain why
Motion isn't
Stamped

(A) 5b

It was also a understanding that if and when he entered a plea, his attorney Thomas Kelley said All charges would run CC and Co-Terminus with his present sentence, 20 yrs.

<u>Conclusion</u>

Petitioner prayes that this Honorable Court will withdraw his plea of guilty Based on said facts and reenter plea of Not Guilty and set a Date for trial in said cases.

I Certify I have mailed a copy to the Honorable Wilbert Jurrigan Circuit Clerk in the U.S. Mail postage Prepaid.

John S. Coleman Jr.
Respectfully

(A)

ACR0369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2004 000046.00
JUDGE ID: LBS

TE OF ALABAMA                    VS        COLEMAN JOHN STEPHEN SR

DATE                  ACTION, JUDGMENTS, CASE NOTES

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 1/2/05 | Motion to Withdraw Guilty Plea (by Def.) |
| 1/3/05 | Response to Def.'s Motion |
| 2/25/05 | Motion to Withdraw Filed by Att. for Def. |
| 3/2/05 | Motion Granted - Copies to parties |
| 3/8/05 | Order on Motion to Withdraw Pleas filed - Copies to parties |
| 3-22-05 | Notice of Appeal filed - |
| 3-23-05 | Clerk's Notice of Appeal filed - forwarded to def, AG, DA, Court of Criminal Appeals |
| 3-25-05 | Amended Clerk's Notice of Appeal filed - forwarded to def, AG, DA, Court reporter, & Court of Criminal Appeals |
| 3-28-05 | Reporter's Transcript Order & Docketing Statement filed |
| 3-30-05 | Order filed |
| 3/31/05 | Motion to Withdraw Guilty Pleas (Judge Smithart) |
| 4-4-05 | Corress, filed |
| -11-05 | Reporter's Transcript Order filed - forwarded to Atty Cassady |
| 4-12-05 | Reporter's Transcript Order & Docketing Statement filed |



<u>**ISSUE III:** **WHETHER THE COURT HAD A DUTY TO HOLD AN**</u>
<u>**EVIDENTIARY HEARING BASED ON A BONA FIDE** _issue_</u>
<u>**CONCERNING PETITIONER'S MENTAL COMPETENCY??**</u>

The Petitioners to this Honorable Court, that the Trial
Court had a duty to hold an Evidentiary Hearing to determine
the actual state of the Petitioner's mental Capacity before
the Petitioner signed the Plea Bargain Agreement, to see, if
the Petitioner actually was Competent enough to understand
exactly what it was the Petitioner was signing and what it
was that the Petitioner was agreeing too, and the ramifications
of such a move and or deal, as offered by the State.  The Petit-
ioner avers to this Honorable Court, that the District Attorney
took advantage of the Petitioner's diminished Mental Capacity,
by offering the Petitioner a Plea Bargain, knowing full well,
that the Petitioner had no idea exactly what the outcome or
even what the details of the Plea Bargain could or would ulti-
mately mean for the Petitioner in the long run.



## ALABAMA DEPARTMENT OF CORRECTIONS
## MENTAL HEALTH SERVICES

### MENTAL HEALTH 30/90 DAY SEGREGATION REVIEW

Inmate Name: _Coleman, John_ AIS#: _223809_ Institution: _ECF_

Date Review Completed: _12-23-04_ Date Placed in Segregation: _11-9-04_

✓ 30 DAY REVIEW                    90 DAY REVIEW _Brian Mitchell_

ALDOC Psychologist/Psychological Associate Conducting Review: _Brian Mitchell, Psychological Asst. II_

MENTAL STATUS EXAMINATION

| | |
|---|---|
| Affect: Appropriate for Segregation | Appearance: Appropriate for Segregation |
| Concentration: Appropriate for Segregation | Intellectual Functioning: Within Normal Limits |
| Mood: Appropriate for Segregation | Memory: Intact |
| Orientation: Appropriate for Segregation | Speech: Appropriate for Segregation |
| Other: | |

**BEHAVIORAL OBSERVATIONS**

| | | |
|---|---|---|
| Aggressive | Irrational | ~~Passive~~ |
| Agitated | Labile | (Rational) |
| Delusional | Lethargic | Terrified/Crying |
| Eye Contact | Loose Associations | Withdrawn |
| Hallucinating | Manipulative | Suicidal |
| Hyperactivity | Paranoia | Other:_____ |

COMMENTS: _Coded SMI_

**RECOMMENDATIONS:**

_X_ SEGREGATION PLACEMENT NOT IMPACTING INMATE'S MENTAL HEALTH
___ SEGREGATION PLACEMENT IMPACTING INMATE'S MENTAL HEALTH
REFERRED FOR PSYCHIATRIC EVALUATION
Other:

| Inmate Name | AIS # |
|---|---|
| | |

ALDOC Form 465-01

4 of 4

AR 465 – November 7, 2001

## INTERDISCIPLINARY PROGRESS NOTES

⑬

| DATE | TIME | NOTES | SIGNATURE |
|---|---|---|---|
| 10/18/04 | | *Treatment Coordinator Note*<br><br>S- Im seen by treatment team for initial treatment plan. Im reported having auditory hallucinations & paranoid ideation. "The voices tell me to do things, but I get afraid around large crowds." Im also reports depressed mood & feelings of sadness. Im currently denies any thoughts of harming self or others.<br><br>O- Cooperative, good eye contact, affect normal, speech logical, some depression, auditory hallucinations/paranoia, No SI/HI.<br><br>A- Axis I: Depressive Disorder NOS w/ Psychotic features<br><br>P- Monthly follow-up & psycho social group therapy.<br> J. Griffin, MHP | |
| 11/7/04 | | S- Im seen during Seg rounds. Problems or progress reported related to Tx goals.<br>1. Im continues to hear voices, reports the meds are helping.<br>2. Im continues to feel paranoid when around larger crowds.<br>3. Im exhibits No signs or sxs of depression.<br><br>O- Cooperative, good eye contact, affect normal, speech logical, No SI/HI.<br><br>A- Axis I: Depressive D/O w/ Psychotic features<br><br>P- Continue w/ current Tx plan.<br> J. Griffin, MHP | |

| Patient's Name, (Last, First, Middle) | AIS# | Age | R/S | Facility |
|---|---|---|---|---|
| Coleman, John | 223809 | 40 | W/M | E.C.F |

F-61



# MEDICATION ADMINISTRATION RECORD

STDT01

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hemi. Supp/ oint cream Bid PRn x 14 days 10-22-04 → 11-5-04 Datours/R | 4A 4p | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Tylenol 500mg II po Bid PRn x 90 10-22-04 → 1-22-04 Da | 4A 4p | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Zantac 150 mg po Bid x 90 day 10-22-04 → 1-22-03 Datours/R | 4A 4p | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**NURSE'S ORDERS, MEDICATION NOTES, AND INSTRUCTIONS ON REVERSE SIDE**

| CHARTING FOR | 11-1-04 | THROUGH | 11-30-04 | | |
|---|---|---|---|---|---|
| Physician Datcure | | | | Telephone No. | Medical Record No. |
| Alt. Physician | | | | Alt. Telephone | |
| Allergies NKDA | | | | Rehabilitative Potential | |
| Diagnosis | | | | | |
| Medicaid Number | Medicare Number | | Completed Entries Checked By: | | Title: RN  Date: 11-1-0 |
| PATIENT Coleman John | | 223809 | PSD | PATIENT CODE East | ROOM NO.  BED  FACILITY |

B Court
11-15-0

# MEDICATION ADMINISTRATION RECORD
11/01/2004

(EAS-474) EASTERLING CORR. FACILITY

STDT01

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MIRTAZAPINE (REMERON) 15MG TAB TAKE 1 TABLET(S) BY MOUTH DAILY **NON-FORMULARY APPROVED UNTIL 12/7/04 RX: 5751152 KERN, M.D. (MHH PSY), EDWARD , START - 06/11/2004   STOP - 12/07/2004 | 9PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| AMITRIPTYLINE (ELAVIL) 25MG TAB TAKE 1 TABLET(S) BY MOUTH AT BEDTIME MAY CAUSE DROWSINESS.  **NEUOPATHY** RX: 6071309 DARBOUZE M.D (MED D, JEAN ALFRE START - 08/14/2004   STOP - 11/11/2004 | 9PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| VERAPAMIL SR (CALAN SR) 240MG TAB TAKE ONE-HALF (1/2) TABLET(S) BY MOUTH =120MG DAILY RX: 6219696 FLOYD, N.P. , LINDA , NP START - 09/14/2004   STOP - 12/12/2004 | 9A | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| GEMFIBROZIL (LOPID) 600MG TAB TAKE 1 TABLET(S) BY MOUTH TWICE DAILY RX: 6275622 DARBOUZE M.D. (MED D, JEAN ALFRE START - 09/25/2004   STOP - 09/24/2005 | 9A 4P | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| HALOPERIDOL (HALDOL) 2MG TAB TAKE 1 TABLET(S) BY MOUTH AT BEDTIME RX: 6356281 BANERJEE, M.D. (MHM), SREELEKHA START - 10/13/2004   STOP - 01/10/2005 | 9PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| BENZTROPINE (COGENTIN) 1MG TAB TAKE 1 TABLET(S) BY MOUTH AT BEDTIME RX: 6356283 BANERJEE, M.D. (MHM), SREELEKHA START - 10/13/2004   STOP - 01/10/2005 | 9PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| TRAZODONE (DESYREL) 50MG TAB TAKE ONE-HALF (1/2) TABLET(S) BY MOUTH AT BEDTIME **MAY CAUSE DROWSINESS, AVOID ALCOHOL** RX: 6356284 BANERJEE, M.D. (MHM), SREELEKHA START - 10/13/2004   STOP - 01/10/2005 | 9PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Elavil 50mg p qhs x 90 10-22-04 → 1-2005 | 4P | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Colace 100mg p qd PRN x 30 10-22-04 → 1-22-04 | 4A | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NURSE'S ORDERS, MEDICATION NOTES, AND INSTRUCTIONS ON REVERSE SIDE

| CHARTING FOR | 11/01/2004 | THROUGH | 11/30/2004 | | |
|---|---|---|---|---|---|
| Physician | BANERJEE, M.D. (MHM), SREELEKHA | | | Telephone No. | Medical Record No. |
| Alt. Physician | | | | Alt. Telephone | |
| Allergies | NO KNOWN DRUG ALLERGY | | | Rehabilitative Potential | |
| Diagnosis | | | | | |
| Medicaid Number | | Medicare Number | Complete Entries Checked: By: | Title: | Date: |
| PATIENT COLEMAN, JOHN | | | PATIENT CODE 223809 | ROOM NO. 1 | BED | FACILITY EAS |

B.

# MEDICATION ADMINISTRATION RECORD
12/01/2004
STDT01

(EAS-474) EASTERLING CORR. FACILITY

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MIRTAZAPINE (REMERON) 15MG TAB TAKE 1 TABLET(S) BY MOUTH DAILY **NON-FORMULARY APPROVED UNTIL 12/7/04 RX: 5751152 KERN, M.D. (MHM PSY), EDWARD , START - 06/11/2004   STOP - 12/07/2004 | 9p | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| VERAPAMIL SR (CALAN SR) 240MG TAB TAKE ONE-HALF (1/2) TABLET(S) BY MOUTH. =120MG DAILY RX: 6219696 FLOYD, N.P. , LINDA , NP START - 09/14/2004   STOP - 12/12/2004 | 9a | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| GEMFIBROZIL (LOPID) 600MG TAB TAKE 1 TABLET(S) BY MOUTH TWICE DAILY RX: 6275622 DARBOUZE M.D. (MED D), JEAN ALFRE START - 09/25/2004   STOP - 09/24/2005 | 9a 9p | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| HALOPERIDOL (HALDOL) 2MG TAB TAKE 1 TABLET(S) BY MOUTH AT BEDTIME RX: 6356281 BANERJEE, M.D. (MHM), SREELEKHA START - 10/13/2004   STOP - 01/10/2005 | 9p | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| BENZTROPINE (COGENTIN) 1MG TAB TAKE 1 TABLET(S) BY MOUTH AT BEDTIME RX: 6356283 BANERJEE, M.D. (MHM), SREELEKHA START - 10/13/2004   STOP - 01/10/2005 | 9p | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| TRAZODONE (DESYREL) 50MG TAB TAKE ONE-HALF (1/2) TABLET(S) BY MOUTH AT BEDTIME *MAY CAUSE DROWSINESS, AVOID ALCOHOL* RX: 6356284 BANERJEE, M.D. (MHM), SREELEKHA START - 10/13/2004   STOP - 01/10/2005 | 9p | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| AMITRIPTYLINE (ELAVIL) 50MG TAB TAKE 1 TABLET(S) BY MOUTH AT BEDTIME *DDD*     MAY CAUSE DROWSINESS. RX: 6416073 DARBOUZE M.D. (MED D, JEAN ALFRE START - 10/24/2004   STOP - 01/21/2005 | 9p | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| ACETAMINOPHEN (TYLENOL) 500MG TAB TAKE 2 TABLET(S) BY MOUTH TWICE DAILY AS NEEDED RX: 6416076 DARBOUZE M.D. (MED D, JEAN ALFRE START - 10/24/2004   STOP - 01/21/2005 | 9a 9p | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| RANITIDINE (ZANTAC) 150MG TAB TAKE 1 TABLET(S) BY MOUTH TWICE DAILY RX: 6416079 DARBOUZE M.D. (MED D, JEAN ALFRE START - 10/24/2004   STOP - 01/21/2005 | 9a 9p | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NURSE'S ORDERS, MEDICATION NOTES, AND INSTRUCTIONS ON REVERSE SIDE

| CHARTING FOR | 12/01/2004 | THROUGH | 12/31/2004 | |
|---|---|---|---|---|
| Physician | DARBOUZE M.D. (MED D, JEAN ALFRED | Telephone No. | | Medical Record No. |
| Alt. Physician | | Alt. Telephone | | |
| Allergies | NO KNOWN DRUG ALLERGY | Rehabilitative Potential | | |

Diagnosis

| Medicaid Number | Medicare Number | Complete Entries Checked By: | Title: RN | Date: |
|---|---|---|---|---|
| PATIENT COLEMAN, JOHN | | PATIENT CODE 223809 | ROOM NO. 1 | BED | FACILITY EAS |

# MEDICATION ADMINISTRATION RECORD



STDT01

| MEDICATIONS | HOUR | 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 |
|---|---|---|

Calan 240 mg 1/2 tab     9a
120 mg  B.O.g d  x 1yr

11-21-04 - 11-21-05

NURSE'S ORDERS, MEDICATION NOTES, AND INSTRUCTIONS ON REVERSE SIDE

CHARTING FOR 12-1-04     THROUGH 12-31-04

Physician  Baitay

Alt. Physician

Allergies  N/KA

Telephone No.

Alt. Telephone

Rehabilitative Potential  (12-29-04 seg)

Diagnosis

Medicaid Number          Medicare Number

Complete Entries Checked
By: W. Livingston     Title: RN     Date: 11-

PATIENT  Coleman, John

PATIENT CODE  223809     ROOM NO.     BED     FACILITY

## ISSUE I:   ILLEGAL SENTENCE

The Appellant in this instant cause would aver to this Honorable Court, that the Appellant's/ Petitioner's sentence is ILLEGAL in that the actual sentence exceeds that authorized by the Law in the State of Alabama, and is furthermore increasingly Excessive for the Charges, that the Petitioner was actually charged with.

The Alabama Supreme Court has previously held that when a sentence is clearly illegal or is not clearly authorized by Statute, the Defendant/ Petitioner does not need to Object at the Trial level in order to preserve that particular issue for Appellate Review. EX PARTE BRANNON, 547 So.2d. 68,69

The Appellate Court's in the State of Alabama have consistently held that where a Defendant is charged with Two or more crimes arising out of a transaction that is the foundation for both of those charges or more charges, the Defendant may ONLY recieve One (1) Punishment. SEE: VASON VS. STATE, 574 So.2d. 860, 863 ( ALA.CR.APP. 1990), which held that although the Defendant could receive ONLY One (1) Sentence for both Offenses arising out of the same Transaction, the Defendant was properly convicted of both charges, that arose from the same Transaction.

The Case of: WILDMAN VS. STATE, 42 Ala. App. 257, 186 So.2d. 396 (1963) which was Modified on Rehearing to hold that the Statutory Prohibition against Double Punishment DOES NOT FORBID CONVICTIONS FOR BOTH CHARGES AND DOES NOT FORBID CONCURRENT SENTENCES----- ONLY DOUBLE PUNISHMENT. This is a violation of the Peotection against Double Jeopardy.

 

**ISSUE II:** **WHETHER THE GUILTY PLEAS WERE ENTERED KNOWINGLY AND WILLINGLY AND VOLUNTARILY?**

In this instant Cause, the petitioner/ Appellant avers that the Petitioner's Guilty Pleas **WERE NOT** entered Knowingly, and Voluntarily, and they could not have been so, because at the time of the Signing of the Guilty Pleas, and the Time of the hearing and also during the Sentencing Hearing, the Petitioner was on Prescribed Psychotropic Medication, from EASTERLING CORRECTIONAL FACILITY. It has been well stated in **ALL** of the Court's, that when a Person is on prescribed medication or Prescribed Psychotropic Medication, which may affect his normal thought process or interrupt and keep the Petitioner from having clear thoughts, then there is no way, that the Sentencing Court should have either Accepted the Guilty Pleas, nor should it have sentenced the Petitioner period, and therefore, the Trial Court should have set the Hearing off until a later date, until it was determined that the Petitioner was no longer under the influence of the Prescribed Psychotropic Medication, and what the Petitioner's frame of mind actually was. **UPSHAW VS. SINGLETARY**, 70 F.3rd. 1136 ( 8th Cir. 1999) and also see: **BOYKINS VS. ALABAMA**, 295 U.S. 238, 23 L.Ed.2d. 274, 89 S.Ct. 1709 (1969), in which that Honorable Court stated, that a Guilty Plea **SHALL NOT BE ACCEPTED UNLESS IT WAS MADE VOLUNTARILY.** In the instant case, there should be no problem showing this Honorable Court, that the Guilty pleas were not made Voluntarily and with the Full and Complete understanding of the Laws and the actual sentences.

There are numerous federal cases, dealing with a **DIMINSHED CAPACITY STATE**, and this Petitioner would thus request that this Honorable Court review the cases of: **U.S. VS. REVERON MARTINEZ**, 836 F.Supp. 684 ( 1st Cir. 1988) and also the case of: **NOLAND VS. DIXON**, 808 F.Supp. 485 ( W.D. N.C. 1992).

2

D

(ALABAMA,1989).

Petitioner filed Two Motions with the Circuit Court to Withdraw the Petitioner's Guilty Pleas. The First Motion was filed by mr. Coleman's Attorney stating that his Guilty Pleas were f" UNKNOWINGLY ENTERED", and the Second Motion was a pro-Se Motion filed by the Petitioner himself, alleging that the Petitioner was on precribed Mind Altering medication, and that he did not know or understand that he sentences might not be run Concurrently. The Petitioner's Motion that was filed pro-Se, should not be considered as " BOILERPLATE LANGUAGE" as referred too in the case of <u>SMITH VS. STATE</u>, 854 So.2d. 1176 1179 ( ALA.CR.APP. 2002).

The Record for the Petitioner's Case will show that the requirements of **RULE 14.4 ALA.R.CR.P.** were not satisfied, and additionally the Petitioner did raise the issue of not knowing that his sentences could be run Consecutively in his Motion to Withdraw his Guilty Pleas. Failure to include a reasonably ascertainable issue in a Motion for a new Trial will result in a bar to further argument of the issue on Appeal and also in Postconviction proceedings." <u>EX PARTE JACKSON</u>, 598 So.2d. 895, 897 ( ALA. 1992) The Petitioner uDID NOT <u>fail to raise that issue</u> The Petitioner did specifically did raise the issue in his Pro-Se Motion. The Trial Court in fact had adequate notice of what issue the Petitioner was in fact raising, but, instead, the Court chose not to address that issue and simply allowed the Motion to be denied. The Trial Court had a duty to exlore any possibility and make a detrmination as to the Petitioner's mental Competancy.

E. INDICTMENT WAS VOID.

EX. E

F. Ineffective assistance of councel.
Were Coleman an Counsel was not communicating
cause Coleman had filed as many as 10 pro-se
motions into the Courts himself.

EX. F

 

ISSUE V.    WHETHER THE DEFENDANT'S INDICTMENT
IS VOID OR IS THE RULING IN THE
ALABAMA COURT SYSTEM CONTRADICTORY
WITH THE RULING S OF THOSE FROM THE
UNITED STATES SUPREME COURT?

The Petitioner ( Defendant) avers to this Honorable Court,
that the Petitioner's ( Defendant's) Indictment is and should
be ruled as being Void, as it does not contain a Statement
of the facts of the Case, nor states the Circumstances of the
case.  The United States Supreme Court has previously held,
that that when an Indictment tracks the Statute, it MUST be
accompanied by a Statement of the Facts, stating the Circum-
stances surrounding the Case.  However, the Alabama Rules of
Criminal Procedure, states, that the Indictment need ONLY cite
the Statute, it does not have to be accompanied with a Statement
of the Facts, thus stating the circumstances of the actual
case itself..  However, the United States Constitution in ARTICLE
VI.[2]states: " THIS CONSTITUTION, AND THE LAWS OF THE UNITED
STATES, WHICH SHALL BE MADE IN PURSUANCE THEREOF, AND ALL
TREATIES MADE MADE, OR WHICH IN SHALL BE MADE, UNDER THE AUTHOR-
ITY OF THE UNITED STATES, SHALL BE THE SUPREME LAW OF THE LAND:
AND JUDGES IN EVERY STATE, SHALL BE BOUND THEREBY ON EVERYTHING/
ANYTHING IN THE UNITED STATES CONSTITUION OR THE LAWS OF ANY
STATE TO THE CONTRARY NOT WITHSTANDING.

In the case of JONES VS. U.S., 526 U.S. 227, 143 L.Ed.2d.
311, 119 S.Ct. 1215 (1999), that Honorable Court held:  Elements
of the Offense MUST be charged in the Indictment and submitted
to a Jury and proven by the Goverment beyond a reasonable doubt.
SEE ALSO:  the case of:  U.S. VS. BERRIOR-CENTENO, 250 F.3rd.
294 (5th Cir. 2001), that Court held: !).  To be sufficient
an Indictment MUST allege each Material Element of the offense,
if it does not, it fails to charge that Offense, and 2).  Because
an Indictment is Jurisdictional, a Defect in an Indictment
is not waived by a Guilty Plea.

6

 

## ISSUE VI:  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Petitioner avers that the Petitioner's Trial Counsel performance fell far below the normal and accepted range as accepted in the case of:  STRICKLAND VS. WASHINGTON, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d. 674 ( 1984).

Trial Counsel failed to do a number of things, which in fact, had Trial Counsel performed accordingly, there is no way that the Petitioner would have entered a Plea of Guilty to said Charges and then accepted the sentences that the Petitioner eventually Plead Guilty too, while under the Influence of PRESCRIBED PSYCHOTROPIC MEDICATION, which altered his way of Thought.  Trial Counsel's performance Violated the Petitioner's Right to have Effective Assistance of Counsel accoring to the Sixth Amendment of the United States Constitution of America.

The Power of an Attorney is not co-equal, nor co-extensive, or even equivalent of that of the client. The realistic recognition of the obvious truth is that the average person does not have the professional skills to recognize a Constitutional Violation that resulted in that persons Liberty being deprived from him without Due Process of Law, that which is simple, orderly and necessary to the lawyer, to the untrained layman, it may appear intricate, complex and mysterious at that.

The right to be heard in a Rule 32 petition is to little avail, because it does not comprehend the right to be heard by effective and trained counsel.  Even the intelligent and educated Layman has small and sometimes no skill in the science of the law.  If or once convicted of a crime, he is incapable, generally of defending himself of determining for himself, whether his Indictment was Good or Bad, whether his Constitutional Rights were violated or whether he received Effective Assistance from his Counsel.

7

However, the United States Constitution, **ARTICLE VI [2]** states
" This Constitution, and the Laws of the United States of America,
which shall be made in pursuance thereof, and all treaties made, or
which shall be made, and the Judges in each and every State **shall be
bound** thereby, anything in the Constitution or Laws of any State to
the contrary not withstanding.

Trial Counsel was furthermore Ineffective for failing to
bring up the above issue concerning the Indictment with the Trial
Court.

In the case of: **FAULKNER VS. STATE**, 462 So.2d. 1040, denial of
habeas Corpus, affirmed 416 So.2d. 1115, denial of habeas Corpus
affirmed, 497 So.2d. 855, cert. denied, **EX PARTE FALKNER**, 514 So.2d.
342 ( ALA.CR.APP. 1984), that Honorable Court held that:    THE
Accused has the ultimate authority to make certain fundamental
decisions reagrding his case, but he does not have a Constitutional
Right to Direct matters concerning strategy.   In the instant case,
how could the Petitioner, even assist his Counsel, let alone have
the Ultimate authority to make any decisions, when the Petitioner
was under the power of Prescribed Psychotropic medication??

In the case of: **MYLAR VS. WILKINSON**, 435 So.2d. 1237 ( ALA.
1983), that Court held:  That a lawyer owes certain duties in care
of relationship with his or her client in the performance of legal
services rendered for the client.   The Lawyer is required to
exercise ordinary and a reasonable level of skill, knowledge and
care and also attention and provide prudence common to the members
of the legal profession in the community.   Once again, in the
instant case, it is clear, that the Petitioner's Trial Counsel, just
did not do even this simple and basic duty to his client.

G D
3 of 7

A Layman is unfamiliar with the Rules of Evidence. Left without the Protections of the State Court's to Guard and enforce each and every right secured by the Federal Constitution in which each Judge took an Oath to do, along with the Effective Assistance of Counsel in a Rule 32 Proceeding, the petitioner does not know whether or not he was convicted on a proper charge, or convicted upon sufficient evidence..

In the present case, this petitioner lacks both the skills and the knowledge, adequately to properly and fully and completely to prepare the proper Rule 32 Petition and then within the One year Guidelines as set out by the Legal System, within the State of Alabama, and yet, he has had to try and do so, to the best of his ability, and then with whatever assistance that he could come up with from those inmates who are supposedly trained in the ways of the law and the Legal System.

Even though the Petition in this case, thinks and believes that he has perfect Constitutional Violations in which to raise in his Rule 32 Petition, presently at bar, there is proof that over 80% of the convicted prisoners in the State of Alabama have been convicted on a Defective Indictment. The State of Alabama does not cite the Statute in the Indictment, as is the case with the present Petitioner, yet, the United States Supreme Court, the Supreme Law, the Highest Court in the United States of America states, that if the Indictment tracks the Statute, it **MUST** be accompanied by a Statement of Facts, and then stating the circumstances of the case. However, the Alabama Rules of Criminal procedures, states that the Indictment in the State of Alabama needs only to cite the Statute, they do not have to be accompanied with the Statement of Facts as required by the United States Supreme Court, nor do they have to state the Circumstances of the case, also in violation of the United States Supreme Court.

9

G
4 of 7

In the Case of SMITH VS. STATE, 770 So.2d. 995 ( ALA.CR.APP.
2000)and also:  EX PARTE McKELVEY, 630 So.2d. 56,57,58 ( ALA.
1992) and also see:  JONES VS. STATE, 672 So.2d. 1366 , 1371
( ALA.CR.APP. 1995), where a Defendant's sentences were to
run Concurrently, there was no prohibition against his conviction
for Both Charges which arose out of the same Transaction, since
the Petitioner's sentences were run Consecutively,  it would
have been proper for Trial Counsel to Object or to Challenge
the Court on this well settled point of law.

Petitioner's Counsel was not performing in conformity
with the Sixth Amendment Right to Counsel and that but for
Counsel's performance, the outcome would have been different.

G
10
5 of 7

While Appellate Counsel is not required to raise each and every issue on Appeal in order to administer Effective Assistance of Counsel, as stated in the case of: <u>BROWNLEE VS. STATE</u>, 666 So.2d. 91,99 ( ALA.CR.APP. 1995), yet, in the case of: <u>STRICKLAND VS. WASHINGTON</u>, 466 U.S. 668 (1984), that Honorable Court held, that petitioner must sufficiently plead that Appellate Counsel's performance was deficient in failing to raise issues Petitioner believed or believes should have been raised. It is not enough to show that the errors <u>had some conceivable effect</u> on the outcome of the proceedings. id. at 693 ( EMPHASIS ADDED). Petitioner <u>MUST</u> establish that the outcome would have been different had those issues been raised on Appeal.



While Appellate Counsel is not required to raise each and every issue on Appeal in order to administer Effective Assistance of Counsel, as stated in the case of: BROWNLEE VS. STATE, 666 So.2d. 91,99 ( ALA.CR.APP. 1995), yet, in the case of: STRICKLAND VS. WASHINGTON, 466 U.S. 668 (1984), that Honorable Court held, that petitioner must sufficiently plead that Appellate Counsel's performance was deficient in failing to raise issues Petitioner believed or believes should have been raised. It is not enough to show that the errors had some conceivable effect on the outcome of the proceedings. id. at 693 ( EMPHASIS ADDED). Petitioner MUST establish that the outcome would have been different had those issues been raised on Appeal.



7 of 7

## CONCLUSION

Petitioner states, that under the Case of **EX PARTE BOAT-WRIGHT**, 471 So.2d. 1257 ( ALA. 1985), that Honorable Court held that: " An Evientiary hearing on a Rule 32 petition is required **ONLY** if the Petition is Meritorious on it's Face, meaning, if it contains a clear and specific Statement of the grounds upon which relief is sought sufficient to show that the petitioner is indeed entitled to relief, if those facts are true. **EX PARTE CLISBY**, 501 So.2d. 483 ( AL. 1986) and also **MOORE VS. STATE**, 502 So.2d. 819, 820 ( ALA. 1986).

In the Case at hand it is clear that the petitioner was on Mind Altering Drugs, which were prescribed to him, and that the Trial Court had a Duty to inquire into the Petitioner's mental State at the time, the Petitioner entered the Guilty pleas, and it is also clear that said petitioner filed two Motions, one through his Attorney and also one Pro-Se attempting to withdraw these Guilty Pleas, and both of these Motions were ignored by the Trial Court.

It is also clear that the Petitioner was Convicted of Several Charghes that arose from the same Transaction and thus from the same Transactions of the same charges, which the Court's in the State of Alabama have consistently held, that although the petitioner can be found Guilty of all of the charges, he or she cannot receive more than One sentence, as this violates the Double Jeopardy Clause.

Petitioner prays that this Honorable Court will thus set and Grant the Petitioner a Evidentiary Hearing on this Petition, and at the same time, assist the Petitioner in obtaining a copy of the Physcotropic medications that the petitioner was on when he went before the Court, from the Easterling Corr. fac.

12