IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN STEPHEN COLEMAN, SR.,    )
    AIS# 223809                              )
                                     )
    Petitioner,                                 )
                                       )
VS.                                                  )   CIVIL ACTION NO.
                                       )   2:07-CV-00294-MHT (WO)
                                       )
WARDEN DAVENPORT, et al.,         )
                                       )
    Respondents.                             )

## RESPONDENTS' ANSWER TO COURT'S
## ORDER TO SHOW CAUSE

Come now Respondents, by and through the Attorney General of the State of

Alabama, and file their response to this Court's Order to Show Cause dated April

11, 2007, giving the Respondents until May 3, 2007 to file a response to the

Petition for Writ of Habeas Corpus filed by the Petitioner, John Stephen Coleman,

Sr.  In response, Respondents file the following answer, memorandum brief, and

exhibits.

## PROCEDURAL HISTORY

1.    On April 21, 2004, the Bullock County Grand Jury returned three indictments against Coleman for three counts of unlawful distribution of a controlled substance and two counts of selling, furnishing, or giving a controlled substance to a minor.  State's Exhibit A.  On November 15, 2004, Coleman entered pleas of guilty to the three counts of unlawful distribution of a controlled substance and two counts of selling to a minor.  State's Exhibit B.  On December 9, 2004, Coleman was sentenced to consecutive terms of imprisonment of twenty years for each count of unlawful distribution and ninety-nine years for selling to a minor. State's Exhibit C.  His motion to set aside the guilty pleas, filed on December 17, 2004, was denied by operation of law on February 7, 2005.  State's Exhibit D.  The trial court issued a written order denying the motion to withdraw the guilty pleas on March 7, 2005.  State's Exhibit E.

2.    Coleman filed his written notice of appeal on March 19, 2005.  State's Exhibit F.  The Alabama Court of Criminal Appeals, however, issued a written order on November 10, 2005 dismissing Coleman's appeal for lack of jurisdiction. State's Exhibit G.  The court found that Coleman's motion to withdraw guilty plea had been denied by operation of law on February 7, 2005 under Rule 24.4 of the Alabama Rules of Criminal Procedure and that his notice of appeal from such denial was due 42 days later, on March 21, 2005.  Id.  According to the case action

summary sheet, Coleman's notice of appeal was filed on March 22, 2005, more than 42 days after his motion to withdraw guilty plea had been denied, and was therefore untimely. Id. Although he dated his notice of appeal "March 19, 2005" which would have been timely, he failed to include a notarized statement that he used the prison mailing system as set out in Rule 4(c) of the Alabama Rules of Appellate Procedure or any equivalent method of verification such as witness signatures as was done in Ex parte Wright, 860 So. 2d 1253, 1254 (Ala. 2002). Id. Accordingly, his notice of appeal was untimely and his appeal was dismissed for lack of jurisdiction. Id. Coleman filed a petition for writ of certiorari with the Alabama Supreme Court on February 26, 2007, which that court struck as untimely under Rule 39(c)(2) of the Alabama Rules of Appellate Procedure. State's Exhibit H.

3.      Coleman filed a petition for post-conviction relief in each of his three distribution cases pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on October 3, 2006. State's Exhibit I. The circuit court dismissed this petition on December 7, 2006. Id. Coleman did not appeal this dismissal, alleging that he "did not know [he] could appeal any of them." Petition, p. 4.

## COLEMAN'S FEDERAL HABEAS CLAIMS

3. On April 5, 2007, Coleman filed a writ of habeas corpus petition, raising the following claims:

     (a)    The state courts incorrectly ruled that Coleman's motion to withdraw his guilty plea was a day late without applying the mailbox rule;

     (b)    The state courts abused their discretion when Coleman filed a motion for mental evaluation while on mind altering drugs;

     (c)    Coleman's sentence "exceeds normal time given for such cases;"

     (d)    Coleman's guilty plea was entered unknowingly and involuntarily because he was not explained that his sentences would run consecutively instead of concurrently.

Petition, pp. 5-6.

4. On April 11, 2007, this Court entered an order requiring Respondents to show cause why Coleman's habeas corpus petition should not be granted, giving the Respondents until May 3, 2007 in which to respond.

## ANSWER TO THE PETITION

5. Coleman's federal habeas corpus petition is untimely under the one-year statute of limitation provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

4

6. Coleman's federal habeas corpus petition is due to be denied because his claims have been procedurally defaulted.

7. Respondents deny Coleman is in custody in violation of the laws or constitution of the United States. Coleman's convictions and sentences were validly and constitutionally obtained.

## MEMORANDUM BRIEF IN SUPPORT OF ANSWER

8. Coleman's petition is barred by the one-year statute of limitation set out by the AEDPA. According to 28 U.S.C.A. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Coleman's time for directly appealing his conviction and sentence expired on March 21, 2005 (42 days after his motion to withdraw guilty plea was denied by operation of law), he had one year in which to file a federal habeas petition or a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. His Rule 32 petition, filed on October 3, 2006, was filed more than one year after this date and did not effectively toll the running of the AEDPA one-year period. Indeed, the AEDPA limitation period itself expired on March 21, 2006. Because Coleman waited more than one year to file his federal habeas petition, it was untimely under 28 U.S.C.A. § 2244(d).

9.    Coleman's claims, furthermore, have been procedurally defaulted. Petition, pp. 5-6. Before a habeas petitioner can seek federal review, he must exhaust his state court remedies. Title 28 U.S.C. §2254(b); Walker v. Zant, 693 F.2d 1087 (11th Cir. 1982). If the time to take advantage of such state court remedies has expired, however, the failure to exhaust such remedies becomes "a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." Smith v. Jones, 256 F. 3d 1135, 1138 (11th Cir. 2001).

6

Coleman failed to properly exhaust any claim by raising it in the Alabama Supreme Court. His direct appeal was dismissed for lack of jurisdiction and his petition for certiorari was stricken as untimely. Furthermore, he failed to appeal the dismissal of his Rule 32 petition. Federal habeas claims not included in a petition for discretionary review with the state's highest court are procedurally defaulted if the time for including such issues in such a petition has expired. O'Sullivan v. Boerckel, 526 U.S. 838, 840-842 (1999). Because Coleman has not filed a petition for certiorari before the Supreme Court of Alabama in compliance with Rule 39 and the time for seeking such relief has expired, his claims have been procedurally defaulted.

## CONCLUSION

Based upon the foregoing authorities and facts, Coleman's federal habeas corpus petition should be dismissed with prejudice.

Respectfully submitted,

Troy King (KIN047)
Attorney General
By:


s/John M. Porter
John M. Porter (ASB5818-P77J)
Assistant Attorney General

8

# EXHIBITS[1]

Exhibit A  -  Excerpts from clerk's record in <u>Coleman v. State</u>, CR-04-1224 (Ala. Crim. App. 2005)(C. 4, 5; 1 Supp. C. 5-8)[2]

Exhibit B  -  Excerpts from clerk's record in <u>Coleman v. State</u>, CR-04-1224 (Ala. Crim. App. 2005)(C. 43-45; 1 Supp. C. 9-16)

Exhibit C  -  Excerpts from clerk's record in <u>Coleman v. State</u>, CR-04-1224 (Ala. Crim. App. 2005)(C. 52, 53; 2 Supp. C. 7-12)

Exhibit D  -  Excerpts from clerk's record in <u>Coleman v. State</u>, CR-04-1224 (Ala. Crim. App. 2005)(C. 54)

Exhibit E  -  Excerpts from clerk's record in <u>Coleman v. State</u>, CR-04-1224 (Ala. Crim. App. 2005)(C. 62)

Exhibit F  -  Excerpts from clerk's record in <u>Coleman v. State</u>, CR-04-1224 (Ala. Crim. App. 2005)(C. 63)

Exhibit G  -  Court of Criminal Appeals order in <u>Coleman v. State</u>, CR-04-1224 (Ala. Crim. App. Nov. 10, 2005), dismissing Coleman's appeal for lack of jurisdiction.

---

[1] The State has included only those exhibits it deems necessary for the determination of whether Coleman's claim is untimely and has been procedurally defaulted. Should this Court desire, transcripts, briefs, petitions, and orders of Coleman's direct appeal and Rule 32 proceedings are available.
[2] The record on appeal in this matter was supplemented twice by the Appellant. References in this brief to the two supplemental records will be "1 Supp." And "2 Supp.".

Exhibit H   -   Supreme Court of Alabama order in Case No. 1060843 striking
                petition for writ of certiorari and issuing certificate of judgment.


Exhibit I   -   Case Action Summary sheets from Alacourt.com of Coleman's Rule
                32 petitions in Bullock County Circuit Court Case Nos. 46.60,
                47.60, and 48.60.

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>3rd</u> day of May, 2007, I electronically filed the foregoing (including exhibits) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document (including exhibits) to the following non-CM/ECF participants: <u>John Stephen Coleman, Sr., AIS# 223809, Easterling Correctional Facility, 200 Wallace Dr., Clio, AL 36017.</u>

Respectfully submitted,

s/John M. Porter
John M. Porter(ASB5818-P77J)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: JPorter@ago.state.al.us

263694/107539-001

4

NO.: *04-46*                                           G. J. No. BS-04-076

A TRUE BILL, presented to the judge Presiding in open Court by the Foreperson of this Grand Jury, and filed in open court this *20th* day of *April*, *2004*

_____          _____          *4-21-04*
Grand Jury Foreman                    Clerk of the Circuit Court            _____
                                      of Bullock County                    Date
                                      Third Judicial Circuit

# INDICTMENT

## THE STATE OF ALABAMA
### vs.
## JOHN STEPHEN COLEMAN SR

### Address: EASTERLING CORRECTIONAL FACILITY, CLIO, AL 36017
### alias
### None Reported

| CHARGES: | CLASS | TYPE |
|---|---|---|
| UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCE(13A-12-211) | *B* | *F.* |

WITNESSES:

DAVID DUBOSE, BULLOCK COUNTY DRUG TASK FORCE, EUFAULA, AL 36027

Previous Bond $ *NONE*   Bail fixed at $ *NO BOND* this *21st* day of *April*, *2004*

_____
Judge Presiding

THE STATE OF ALABAMA                                     CIRCUIT COURT
Bullock COUNTY                                           2004

EXHIBIT
*A*

BOYD WHIGHAM
DISTRICT ATTORNEY
THIRD JUDICIAL CIRCUIT

THE STATE OF ALABAMA, Bullock COUNTY

Circuit Court - Third Judical Circuit

## COUNT 1

The Grand Jury of said county charge that, before the finding of this indictment, JOHN STEPHEN COLEMAN SR, whose name to the Grand Jury is otherwise unknown, did, on or about January 20, 2004, while at or near Bullock County Sheriff Department, unlawfully sell, furnish, give away, deliver, or distribute a controlled substance, to-wit: Marijuana, and Susan Coleman did aid and abet John Stephen Coleman, Sr., by preparing, packaging, and placing the marijuana at a location that had been predetermined by John Stephen Coleman, Sr., for pickup by a work release inmate, and/or receive payments for the marijuana; John Stephen Coleman, Sr., did further aid and abet by locating a purchaser for the controlled substance and/or arranging for payment for the controlled substance and/or providing instruction for delivery of the controlled substance, in violation of Section 13A-12-211 of the Code of Alabama,

against the peace and dignity of the State of Alabama.

_____        *Ben C. Reeves*
BOYD WHIGHAM                      Ben C. Reeves, Jr.
District Attorney                 Chief Asst. Dist. Atty.
Third Judicial Circuit

5

NO.: *14-41*                                              G. J. No. BS-04-077

A TRUE BILL, presented to the judge Presiding in open Court by the Foreperson of this Grand Jury, and filed in open court this *28th* day of *April*, *2004*

*Novella B. Scott*
Grand Jury Foreman

Clerk of the Circuit Court
of Bullock County
Third Judicial Circuit

*4-21-04*
Date

## INDICTMENT

### THE STATE OF ALABAMA
*vs.*

### JOHN STEPHEN COLEMAN SR

Address: *EASTERLING CORRECTIONAL FACILITY, CLIO, AL 36017*
*alias*
*None Reported*

CHARGES:                                                    CLASS    TYPE
UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCE(13A-12-211)     *B*      *F*
SELLING, FURNISHING OR GIVING CONTROLLED SUBSTANCE TO MINOR(13A-12-215)  *A*  *F*

WITNESSES:

DAVID DUBOSE, BULLOCK COUNTY DRUG TASK FORCE, EUFAULA, AL 36027

Previous Bond $ *NONE*    Bail fixed at $*NO BOND* this *21st* day of *April*, *2004*

Judge Presiding

THE STATE OF ALABAMA                                    CIRCUIT COURT
Bullock COUNTY                                               2004

BOYD WHIGHAM
DISTRICT ATTORNEY
THIRD JUDICIAL CIRCUIT

THE STATE OF ALABAMA, Bullock COUNTY

Circuit Court - Third Judical Circuit

## COUNT 1

The Grand Jury of said county charge that, before the finding of this indictment, JOHN STEPHEN COLEMAN, SR, whose name to the Grand Jury is otherwise unknown, did, on or about February 28, 2004, while at or near Alabama Highway Department, Union Springs, Bullock County, Alabama, unlawfully sell, furnish, give away, deliver, or distribute a controlled substance, to-wit: Marijuana, and Susan Coleman did aid and abet John Stephen Coleman, Sr., by preparing, packaging, and placing the marijuana at a location that had been predetermined by John Stephen Coleman, Sr., for pickup by a work release inmate, and/or receive payments for the marijuana; John Stephen Coleman, Sr., did further aid and abet by locating a purchaser for the controlled substance and/or arranging for payment for the controlled substance and/or providing instruction for delivery of the controlled substance, in violation of Section 13A-12-211 of the Code of Alabama,

## COUNT 2

The Grand Jury of said county further charge that, before the finding of this indictment, JOHN STEPHEN COLEMAN, SR, whose name is otherwise unknown to the Grand Jury, a person over the age of 18 years, did on or about February 28, 2004, sell, furnish, or give a controlled substance, to-wit: Marijuana, to a person who has not attained the age of 18 years, to-wit: Levi Coleman and/or John Stephen Coleman, Jr., all of which was done to aid and abet the commission of the allegation contained in Count #1 of this indictment, in violation of Section 13A-12-215 of the Code of Alabama,

against the peace and dignity of the State of Alabama.

_____
BOYD WHIGHAM
District Attorney
Third Judicial Circuit

Ben C. Reeves, Jr.
Chief Asst. Dist. Atty.

7

NO.: *04-48*                                      G. J. No. BS-04-078

A TRUE BILL, presented to the judge Presiding in open Court by the Foreperson of this Grand Jury, and filed in open court this *20th* day of *April*, *2004*

_Novella B. Scott_
Grand Jury Foreman

_[signature]_
Clerk of the Circuit Court
of Bullock County
Third Judicial Circuit

*4-21-04*
Date

# INDICTMENT

## THE STATE OF ALABAMA

*vs.*

*JOHN STEPHEN COLEMAN SR*

Address: *EASTERLING CORRECTIONAL FACILITY, CLIO, AL 36017*

*alias*

*None Reported*

| CHARGES: | CLASS | TYPE |
|---|---|---|
| UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCE(13A-12-211) | *B* | *F* |
| SELLING, FURNISHING OR GIVING CONTROLLED SUBSTANCE TO MINOR(13A-12-215) | *A* | *F* |

WITNESSES:

DAVID DUBOSE, BULLOCK COUNTY DRUG TASK FORCE, EUFAULA, AL 36027

Previous Bond $ *NONE*    Bail fixed at $ *NO BOND* this *21st* day of *April*, *2004*

_[signature]_
Judge Presiding

---

THE STATE OF ALABAMA
Bullock COUNTY

CIRCUIT COURT
2004

BOYD WHIGHAM
DISTRICT ATTORNEY
THIRD JUDICIAL CIRCUIT

THE STATE OF ALABAMA, Bullock COUNTY

Circuit Court - Third Judical Circuit

## COUNT 1

The Grand Jury of said county charge that, before the finding of this indictment, JOHN STEPHEN COLEMAN, SR, whose name to the Grand Jury is otherwise unknown, did, on or about March 3, 2004, while at or near Alabama Highway Department, Union Springs, Bullock County, Alabama, unlawfully sell, furnish, give away, deliver, or distribute a controlled substance, to-wit: Marijuana, and Susan Coleman did aid and abet John Stephen Coleman, Sr., by preparing, packaging, and placing the marijuana at a location that had been predetermined by John Stephen Coleman, Sr., for pickup by a work release inmate, and/or receive payments for the marijuana; John Stephen Coleman, Sr., did further aid and abet by locating a purchaser for the controlled substance and/or arranging for payment of the controlled substance and/or providing instruction for the delivery of the controlled substance, in violation of Section 13A-12-211 of the Code of Alabama,

## COUNT 2

The Grand Jury of said county further charge that, before the finding of this indictment, JOHN STEPHEN COLEMAN, SR, whose name is otherwise unknown to the Grand Jury, a person over the age of 18 years, did on or about March 3, 2004, sell, furnish, or give a controlled substance, to-wit: Marijuana, to a person who has not attained the age of 18 years, to-wit: Levi Coleman and/or John Stephen Coleman, Jr., all of which was done to aid and abet the commission of the allegation contained in Count #1 of this indictment, in violation of Section 13A-12-215 of the Code of Alabama,

against the peace and dignity of the State of Alabama.

_____
BOYD WHIGHAM
District Attorney
Third Judicial Circuit

Ben C. Reeves, Jr.
Chief Asst. Dist. Atty.

43

| State of Alabama Unified Judicial System | EXPLANATION OF RIGHTS AND PLEA OF GUILTY (Habitual Felony Offender — Circuit or District Court) | Case Number CC 04-046 ☐ Count *(count #, if applicable)* |
| --- | --- | --- |
| Form CR-52 (front)    Rev. 8/11/2000 | | |

IN THE ___*Circuit*___ COURT OF ___*Bullock*___, ALABAMA
_____(Circuit or District)_____          _____(Name of County)_____

STATE OF ALABAMA v. ___John Stephen Coleman, Sr.___
_____ **Defendant**

TO THE ABOVE-NAMED DEFENDANT: After the court was informed that you wish to enter a plea of guilty in this case, this is to inform you of your rights as a criminal defendant.

### PENALTIES APPLICABLE TO YOUR CASE

You are charged with the crime of ___Unlawful Distribution of Controlled Substance___, which is a Class __B__ Felony. The court has been informed that you desire to enter a plea of guilty to ☑ this offense or ☐ to the crime of _____

_____ which is a Class ____ Felony. The sentencing range for the above crime(s) is set out below:

| FELONY | |
| --- | --- |
| Class A | Not less than ten (10) years and not more than ninety-nine (99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| Class B | Not less than two (2) years and not more than twenty (20) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $5,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported habitual offender, you are further advised that the Alabama Habitual Offender Act, §13A-5-9, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who then is convicted of a subsequent felony:

| Prior Felonies → This offense | No Prior Felonies | One Prior Felony | Two Prior Felonies | Three + Prior Felonies |
| --- | --- | --- | --- | --- |
| Class C Felony | 1 Yr. & 1 Day — 10 Years In State Penitentiary Fine Up To $5,000 | 2 — 20 Years In State Penitentiary Fine Up To $10,000 | 10 — 99 Years or Life In State Penitentiary Fine Up To $20,000 | 15 — 99 Years or Life In State Penitentiary Fine Up To $20,000 |
| Class B Felony | 2 — 20 Years In State Penitentiary Fine Up To $10,000 | 10 — 99 Years or Life In State Penitentiary Fine Up To $20,000 | 15 — 99 Years or Life In State Penitentiary Fine Up To $20,000 | Mandatory Life Imprisonment or any term of not less than 20 years Fine Up To $20,000 |
| Class A Felony (No prior convictions for a Class A Felony) | 10 — 99 Years or Life In State Penitentiary Fine Up To $20,000 | 15 — 99 Years or Life In State Penitentiary Fine Up To $20,000 | Life Imprisonment or Any Term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life or Life Imprisonment Without Possibility Of Parole Fine Up To $20,000 |
| Class A Felony (One or more prior convictions for any Class A Felony) | 10 — 99 Years or Life In State Penitentiary Fine Up To $20,000 | 15 — 99 Years or Life In State Penitentiary Fine Up To $20,000 | Life Imprisonment or Any Term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life Without Possibility Of Parole Fine Up To $20,000 |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☐ Enhanced Punishment For Use Of Firearm Or Deadly Weapon: §13A-5-6, *Code of Alabama* 1975, provides for sentence enhancement where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; for the commission of a Class B or Class C Felony, a term of imprisonment of not less than 10 years;

☐ Enhanced Punishment for Drug Sale Near School: §13A-12-250, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ Enhanced Punishment for Drug Sale Near Housing Project: §13A-12-270, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an additional penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18: §13A-12-215, *Code of Alabama* 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class B Felony and the punishment imposed shall not be suspended or probation granted.

☐ Drug Demand Reduction Assessment Act and Loss of Driving Privileges: Section 13A-12-281 provides that, if you are convicted of a violation of §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211 (unlawful distribution of a controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213 (unlawful possession of marijuana, 1st), 13A-12-215 (sale, furnishing, etc., of controlled substance by person over age 18 to person under age 18) or 13A-12-231 (drug trafficking), *Code of Alabama* 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or

EXHIBIT B

ENGAD 800-631-6989

| Form CR-52 (back)    Rev. 8/11/2000 | EXPLANATION OF RIGHTS AND PLEA OF GUILTY |
|---|---|
| | (Habitual Felony Offender -- Circuit or District Court) |

$2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply to the court for the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to §13A-12-214 (unlawful possession of marijuana in the second degree), §32-5A-191(a)(3) or §32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ **Alcohol/Drug Related Offenses:** If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any cost of program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part of all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees.

☐ **DNA Samples for Criminal Offenses in §36-18-24:** Section 36-18-25(e), Code of Alabama 1975, provides that, all persons convicted of any of the offenses set out in §36-18-24(felony offense or any offense contained in Chapter 6 of Title 13A - offenses involving danger to the person - or attempt, conspiracy, or solicitation thereof ), shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ **Drug Possession:** If you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in §§13A-12-211 to 13A-12-260, inclusive, Code of Alabama 1975, an additional fee of $100.00 will be assessed pursuant to §36-18-7, Code of Alabama 1975.

☐ Other: _____

### RIGHTS YOU HAVE AND WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You are not required to answer any questions. If you do answer questions knowing that you have a right to remain silent, you will have waived this right.

You have the right to enter, and continue to assert, a plea of "Not Guilty" or "Not Guilty by Reason of Mental Disease or Defect," and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State, just as any other witness is subjected to cross examination. If you decide not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty. If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE, AND YOU WILL BE CONVICTED AND SENTENCED BASED ON YOUR GUILTY PLEA. YOU WILL, HOWEVER, HAVE THE RIGHT TO APPEAL.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

11-15-04
_____   _____
Date                                      Judge

### ATTORNEY'S CERTIFICATE

I certify that the above was fully read to the defendant by me; that I explained the penalty or penalties involved with the defendant; that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and to my knowledge no one else has done so.

11/15/04
_____   _____
Date                                      Attorney

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope of reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

11/15/04
_____   _____
Date                                      Defendant

45

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | CASE NO. CC-2004-46 |
| JOHN STEPHEN COLEMAN, SR., | ) | |
|     Defendant. | ) | |

## <u>O R D E R</u>

On this day appeared the Defendant with his attorney, Thomas Frank Kelly, Jr., with the

State represented by District Attorney Boyd Whigham;  and, with the consent and agreement of

his attorney, the Defendant withdrew his plea of not guilty and entered a plea of guilty to the

charge of Unlawful Distribution of a Controlled Substance.  Before accepting Defendant's plea

of guilty, the Court advised the Defendant of all of his constitutional rights with the colloquy

being taken down by the court reporter.  The Court accepted Defendant's plea of guilty and

adjudged the Defendant to be guilty of the crime of Unlawful Distribution of a Controlled

Substance.

**IT IS HEREBY ORDERED** that a sentencing hearing shall be held before this Court on

December 9, 2004, at 8:30 a.m., at the Bullock County Courthouse in Union Springs, Alabama.

The Probation and Parole Officer is hereby directed to prepare and submit to the Court a pre-

sentence investigation report and shall provide copies of said report to Defendant's attorney and

the District Attorney.

**DONE AND ORDERED** this 15th day of November, 2004.

_____
Burt Smithart, Presiding Circuit Judge
Third Judicial Circuit of Alabama

9

| State of Alabama<br>Unified Judicial System<br><br>Form CR-52 (front)    Rev. 8/11/2000 | EXPLANATION OF RIGHTS AND<br>PLEA OF GUILTY<br>(Habitual Felony Offender — Circuit or District Court) | Case Number<br>CC04-047<br>☐ Count<br>*(count #, if applicable)* |
|---|---|---|

IN THE ___Circuit___ COURT OF ___Bullock___, ALABAMA
*(Circuit or District)*                    *(Name of County)*

STATE OF ALABAMA v. ___John Stephen Coleman, Sr.___
                                           Defendant

TO THE ABOVE-NAMED DEFENDANT: After the court was informed that you wish to enter a plea of guilty in this case, this is to inform you of your rights as a criminal defendant.

<u>PENALTIES APPLICABLE TO YOUR CASE</u>

You are charged with the crime of ___Selling, Furnishing, Giving Controlled Substance to Minor___, which is a Class ___A___ Felony. The court has been informed that you desire to enter a plea of guilty to ☑this offense or ☐ to the crime of _____ which is a Class _____ Felony. The sentencing range for the above crime(s) is set out below:

| FELONY | |
|---|---|
| Class A | Not less than ten (10) years and not more than ninety-nine (99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| Class B | Not less than two (2) years and not more than twenty (20) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $5,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported habitual offender, you are further advised that the Alabama Habitual Offender Act, §13A-5-9, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who is then convicted of a subsequent felony:

| Prior Felonies →<br>This offense ↓ | No<br>Prior Felonies | One<br>Prior Felony | Two<br>Prior Felonies | Three +<br>Prior Felonies |
|---|---|---|---|---|
| Class C Felony | 1 Yr. & 1 Day —10 Years<br>In State Penitentiary<br>Fine Up To $5,000 | 2—20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 |
| Class B Felony | 2 — 20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15— 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Mandatory Life Imprisonment or any term of not less than 20 years Fine Up To $20,000 |
| Class A Felony<br>*(No prior convictions for a Class A Felony)* | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life or Life Imprisonment Without Possibility of Parole Fine Up To $20,000 |
| Class A Felony<br>*(One or more prior convictions for any Class A Felony)* | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life Without Possibility of Parole Fine Up To $20,000 |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☐ Enhanced Punishment For Use Of Firearm Or Deadly Weapon: §13A-5-6, *Code of Alabama* 1975, provides for sentence enhancement where a "firearm or deadly weapon" was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; for the commission of a Class B or Class C Felony, a term of imprisonment of not less than 10 years;

☐ Enhanced Punishment for Drug Sale Near School: §13A-12-250, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an <u>additional</u> penalty of five years imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and <u>the punishment imposed shall not be suspended or probation granted.</u>

☐ Enhanced Punishment for Drug Sale Near Housing Project: §13A-12-270, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an <u>additional</u> penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18: §13A-12-215, *Code of Alabama* 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ Drug Demand Reduction Assessment Act and Loss of Driving Privileges: Section 13A-12-281 provides that, if you are convicted of a violation of §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211(unlawful distribution of a controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213 (unlawful possession of marijuana, 1st), 13A-12-215 (sale, furnishing, etc., of controlled substance by person over age 18 to person under age 18) or 13A-12-231(drug trafficking), *Code of Alabama* 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or

Form CR-52 (back)    Rev. 8/11/2000

## EXPLANATION OF RIGHTS AND PLEA OF GUILTY
(Habitual Felony Offender – Circuit or District Court)

000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue an approved program. In addition, pursuant to §13A-12-214 (unlawful possession of marijuana in the second degree), §32-5A-191(a)(3) or §32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ Alcohol/Drug Related Offenses: If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any cost of program to which you are referred. Failure to submit to an evaluation or failure to complete any monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part of all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees.

☐ DNA Samples for Criminal Offenses in §36-18-24: Section 36-18-25(e), *Code of Alabama* 1975, provides that, all persons convicted of any of the offenses set out in §36-18-24(felony offense or any offense contained in Chapter 6 of Title 13A - offenses involving danger to the person - or attempt, conspiracy, or solicitation thereof ), shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ Drug Possession: If you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in §§13A-12-211 to 13A-12-260, inclusive, *Code of Alabama* 1975, an additional fee of $100.00 will be assessed pursuant to §36-18-7, *Code of Alabama* 1975.

☐ Other: _____

### RIGHTS YOU HAVE AND WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You are not required to answer any questions. If you do answer questions knowing that you have a right to remain silent, you will have waived this right.

You have the right to enter, and continue to assert, a plea of "Not Guilty" or "Not Guilty by Reason of Mental Disease or Defect," and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State, just as any other witness is ...ey is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty. If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT THOSE RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE, AND YOU WILL BE CONVICTED AND SENTENCED BASED ON YOUR GUILTY PLEA. YOU WILL, HOWEVER, HAVE THE RIGHT TO APPEAL.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

_11-15-04_  
Date

_[signature]_  
Judge

### ATTORNEY'S CERTIFICATE

I certify that the above was fully read to the defendant by me; that I explained the penalty or penalties involved with the defendant; that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and to my knowledge no one else has done so.

_11/15/04_  
Date

_[signature]_  
Attorney

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope of reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own min? to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied w... attorney's services and his/her handling of my case.

_11/15/04_  
Date

_[signature]_  
Defendant

| State of Alabama<br>Unified Judicial System<br><br>Form CR-52 (front)    Rev. 8/11/2000 | EXPLANATION OF RIGHTS AND<br>PLEA OF GUILTY<br>(Habitual Felony Offender — Circuit or District Court) | Case Number<br>CC04-047<br>□ Count<br>*(count #, if applicable)* |

IN THE ___Circuit___ COURT OF ___Bullock___, ALABAMA
*(Circuit or District)*                     *(Name of County)*

STATE OF ALABAMA v. ___John Stephen Coleman, Sr.___
Defendant

TO THE ABOVE-NAMED DEFENDANT: After the court was informed that you wish to enter a plea of guilty in this case, this is to inform you of your rights as a criminal defendant.

### PENALTIES APPLICABLE TO YOUR CASE

You are charged with the crime of ___Unlawful Dist. Controlled Substance___, which is a Class __B__ Felony. The court has been informed that you desire to enter a plea of guilty to ☑this offense or ☐ to the crime of _____ _____ which is a Class _____ Felony. The sentencing range for the above crime(s) is set out below:

| FELONY | |
|---|---|
| Class A | Not less than ten (10) years and not more than ninety-nine (99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| Class B | Not less than two (2) years and not more than twenty (20) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $5,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported habitual offender, you are further advised that the Alabama Habitual Offender Act, §13A-5-9, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who then is convicted of a subsequent felony:

| Prior Felonies →<br>This offense | No<br>Prior Felonies | One<br>Prior Felony | Two<br>Prior Felonies | Three +<br>Prior Felonies |
|---|---|---|---|---|
| Class C Felony | 1 Yr. & 1 Day —10 Years<br>In State Penitentiary<br>Fine Up To $5,000 | 2—20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 |
| Class B Felony | 2 — 20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Mandatory Life Imprisonment or<br>any term of not less than 20<br>years Fine Up To $20,000 |
| Class A Felony<br>*(No prior convictions for a<br>Class A Felony)* | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life imprisonment or Any Term<br>Of Years Not Less Than 99<br>Fine Up To $20,000 | Mandatory Imprisonment For Life<br>or Life Imprisonment Without<br>Possibility of Parole<br>Fine Up To $20,000 |
| Class A Felony<br>*(One or more prior<br>convictions for any Class A<br>Felony)* | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term<br>Of Years Not Less Than 99<br>Fine Up To $20,000 | Mandatory Imprisonment For<br>Life Without Possibility of Parole<br>Fine Up To $20,000 |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☐ Enhanced Punishment For Use Of Firearm Or Deadly Weapon: §13A-5-6, *Code of Alabama* 1975, provides for sentence enhancement where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; for the commission of a Class B or Class C Felony, a term of imprisonment of not less than 10 years;.

☐ Enhanced Punishment for Drug Sale Near School: §13A-12-250, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ Enhanced Punishment for Drug Sale Near Housing Project: §13A-12-270, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an additional penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18: §13A-12-215, *Code of Alabama* 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ Drug Demand Reduction Assessment Act and Loss of Driving Privileges: Section 13A-12-281 provides that, if you are convicted of a violation of §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211(unlawful distribution of a controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213 (unlawful possession of marijuana, 1st), 13A-12-215 (sale, furnishing, etc., of controlled substance by person over age 18 to person under age 18) or 13A-12-231(drug trafficking), *Code of Alabama* 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or

12

Form CR-52 (back)    Rev. 8/11/2000

## EXPLANATION OF RIGHTS AND PLEA OF GUILTY
(Habitual Felony Offender – Circuit or District Court)

$2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply to the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to §13A-12-214 (unlawful possession of marijuana in the second degree), or §32-5A-191(a)(3) or §32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ Alcohol/Drug Related Offenses: If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any cost of program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part of all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees.

☐ DNA Samples for Criminal Offenses in §36-18-24: Section 36-18-25(e), Code of Alabama 1975, provides that, all persons convicted of any of the offenses set out in §36-18-24(felony offense or any offense contained in Chapter 6 of Title 13A - offenses involving danger to the person - or attempt, conspiracy, or solicitation thereof), shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ Drug Possession: If you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in §§13A-12-211 to 13A-12-260, inclusive, Code of Alabama 1975, an additional fee of $100.00 will be assessed pursuant to §36-18-7, Code of Alabama 1975.

☐ Other: _____

## RIGHTS YOU HAVE AND WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You are not required to answer any questions. If you do answer questions knowing that you have a right to remain silent, you will have waived this right.

You have the right to enter, and continue to assert, a plea of "Not Guilty" or "Not Guilty by Reason of Mental Disease or Defect," and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State, just as any other witness is subjected to cross examination. If you decide not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. The burden of proof is in this case. If the State fails to meet its burden, you would be found not guilty. If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's information filed with the court.

IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT THOSE RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE, AND YOU WILL BE CONVICTED AND SENTENCED BASED ON YOUR GUILTY PLEA. YOU WILL, HOWEVER, HAVE THE RIGHT TO APPEAL.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

Date 11-15-04                                    Judge _____

## ATTORNEY'S CERTIFICATE

I certify that the above was fully read to the defendant by me; that I explained the penalty or penalties involved with the defendant; that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and to my knowledge no one else has done so.

Date 11/15/04                                    Attorney _____

## DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope of reward to plead guilty other than the terms of the agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty; that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

_____                                    Defendant _____

13

| State of Alabama<br>Unified Judicial System<br><br>Form CR-52 (front)    Rev. 8/11/2000 | EXPLANATION OF RIGHTS AND<br>PLEA OF GUILTY<br>(Habitual Felony Offender — Circuit or District Court) | Case Number<br>*CC 04-048*<br>☐ Count<br>*(count #, if applicable)* |

IN THE ___*Circuit*___ COURT OF ___*Bullock*___, ALABAMA
      (Circuit or District)                    (Name of County)

STATE OF ALABAMA v. ___*John Stephen Coleman, Sr.*___
                                                    Defendant

TO THE ABOVE-NAMED DEFENDANT: After the court was informed that you wish to enter a plea of guilty in this case, this is to inform you of your rights as a criminal defendant.

## PENALTIES APPLICABLE TO YOUR CASE

You are charged with the crime of ___*Unlawful Dist. Controlled Substance*___, which is a Class *B* Felony. The court has been informed that you desire to enter a plea of guilty to ☑ this offense or ☐ to the crime of _____ _____ which is a Class *___* Felony. The sentencing range for the above crime(s) is set out below:

| FELONY | |
|---|---|
| Class A | Not less than ten (10) years and not more than ninety-nine (99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| Class B | Not less than two (2) years and not more than twenty (20) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $5,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported habitual offender, you are further advised that the Alabama Habitual Offender Act, §13A-5-9, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who then is convicted of a subsequent felony:

| Prior Felonies →<br>This offense | No<br>Prior Felonies | One<br>Prior Felony | Two<br>Prior Felonies | Three +<br>Prior Felonies |
|---|---|---|---|---|
| Class C Felony | 1 Yr. & 1 Day —10 Years<br>In State Penitentiary<br>Fine Up To $5,000 | 2—20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 |
| Class B Felony | 2 — 20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Mandatory Life Imprisonment or<br>any term of not less than 20<br>years Fine Up To $20,000 |
| Class A Felony<br>(No prior convictions for a<br>Class A Felony) | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term<br>Of Years Not Less Than 99<br>Fine Up To $20,000 | Mandatory Imprisonment For Life<br>or Life Imprisonment Without<br>Possibility of Parole<br>Fine Up To $20,000 |
| Class A Felony<br>(One or more prior<br>convictions for any Class A<br>Felony) | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term<br>Of Years Not Less Than 99<br>Fine Up To $20,000 | Mandatory Imprisonment For<br>Life Without Possibility of Parole<br>Fine Up To $20,000 |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☐ Enhanced Punishment For Use Of Firearm Or Deadly Weapon: §13A-5-6, Code of Alabama 1975, provides for sentence enhancement where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; for the commission of a Class B or Class C Felony, a term of imprisonment of not less than 10 years;

☐ Enhanced Punishment for Drug Sale Near School: §13A-12-250, Code of Alabama 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ Enhanced Punishment for Drug Sale Near Housing Project: §13A-12-270, Code of Alabama 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an additional penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18: §13A-12-215, Code of Alabama 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ Drug Demand Reduction Assessment Act and Loss of Driving Privileges: Section 13A-12-281 provides that, if you are convicted of a violation of §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211(unlawful distribution of a controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213 (unlawful possession of marijuana, 1st), 13A-12-215 (sale, furnishing, etc., of controlled substance by person over age 18 to person under age 18) or 13A-12-231(drug trafficking), Code of Alabama 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or

14

| Form CR-52 (back)    Rev. 8/11/2000 | EXPLANATION OF RIGHTS AND PLEA OF GUILTY |
|---|---|
| | (Habitual Felony Offender -- Circuit or District Court) |

$2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty may be suspended if, with court approval, you enter drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to §13A-12-214 (unlawful possession of marijuana in the second degree), §32-5A-191(a)(3) or §32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ Alcohol/Drug Related Offenses: If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any cost of program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part of all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees.

☐ DNA Samples for Criminal Offenses in §36-18-24: Section 36-18-25(e), Code of Alabama 1975, provides that, all persons convicted of any of the offenses set out in §36-18-24(felony offense or any offense contained in Chapter 6 of Title 13A - offenses involving danger to the person - or attempt, conspiracy, or solicitation thereof ), shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ Drug Possession: If you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in §§13A-12-211 to 13A-12-260, inclusive, Code of Alabama 1975, an additional fee of $100.00 will be assessed pursuant to §36-18-7, Code of Alabama 1975.

☐ Other: _____

### RIGHTS YOU HAVE AND WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You are not required to answer any questions. If you do answer questions knowing that you have a right to remain silent, you will have waived this right.

You have the right to enter, and continue to assert, a plea of "Not Guilty" or "Not Guilty by Reason of Mental Disease or Defect," and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State, just as any other witness is subjected to cross examination. If you decide not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your ney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty. If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE, AND YOU WILL BE CONVICTED AND SENTENCED BASED ON YOUR GUILTY PLEA. YOU WILL, HOWEVER, HAVE THE RIGHT TO APPEAL.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

_11-15-04_ _____     _B. F. Staff_ _____
Date                                                          Judge

### ATTORNEY'S CERTIFICATE

I certify that the above was fully read to the defendant by me; that I explained the penalty or penalties involved with the defendant; that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and to my knowledge no one else has done so.

_11/15/04_ _____     _Thomas Healy_ _____
Date                                                          Attorney

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope of reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

_____     _____
Date                                                          Defendant

| State of Alabama<br>Unified Judicial System | **EXPLANATION OF RIGHTS AND PLEA OF GUILTY**<br>(Habitual Felony Offender — Circuit or District Court) | Case Number<br>*CC04-048*<br>☐ Count |
|---|---|---|
| Form CR-52 (front)    Rev. 8/11/2000 | | *(count #, if applicable)* |

IN THE ___*Circuit*___ COURT OF ___*Bullock*___, ALABAMA
_(Circuit or District)_                                                                 _(Name of County)_

STATE OF ALABAMA v. ___*John Stephen Coleman, Sr.*___
                                                                                 **Defendant**

TO THE ABOVE-NAMED DEFENDANT: After the court was informed that you wish to enter a plea of guilty in this case, this is to inform you of your rights as a criminal defendant.

**PENALTIES APPLICABLE TO YOUR CASE**

You are charged with the crime of *Selling, Furnishing, Giving Controlled Substance to Minor*, which is a Class ___*A*___ Felony. The court has been informed that you desire to enter a plea of guilty to ☑ this offense or ☐ to the crime of _____
_____ which is a Class _____ Felony. The sentencing range for the above crime(s) is set out below:

| FELONY | |
|---|---|
| Class A | Not less than ten (10) years and not more than ninety-nine (99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| Class B | Not less than two (2) years and not more than twenty (20) years in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $5,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported habitual offender, you are further advised that the Alabama Habitual Offender Act, §13A-5-9, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who then is convicted of a subsequent felony:

| Prior Felonies →<br>This offense | No<br>Prior Felonies | One<br>Prior Felony | Two<br>Prior Felonies | Three +<br>Prior Felonies |
|---|---|---|---|---|
| Class C Felony | 1 Yr. & 1 Day —10 Years<br>In State Penitentiary<br>Fine Up To $5,000 | 2—20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 |
| Class B Felony | 2 — 20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15— 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Mandatory Life Imprisonment or any term of not less than 20 years Fine Up To $20,000 |
| Class A Felony<br>*(No prior convictions for a Class A Felony)* | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term Of Years Not Less Than 99<br>Fine Up To $20,000 | Mandatory Imprisonment For Life or Life Imprisonment Without Possibility of Parole Fine Up To $20,000 |
| Class A Felony<br>*(One or more prior convictions for any Class A Felony)* | 10 —99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 —99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term Of Years Not Less Than 99<br>Fine Up To $20,000 | Mandatory Imprisonment For Life Without Possibility of Parole Fine Up To $20,000 |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☐ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** §13A-5-6, *Code of Alabama* 1975, provides for sentence enhancement where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; for the commission of a Class B or Class C Felony, a term of imprisonment of not less than 10 years;

☐ **Enhanced Punishment for Drug Sale Near School:** §13A-12-250, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment for Drug Sale Near Housing Project:** §13A-12-270, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an additional penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18:** §13A-12-215, *Code of Alabama* 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281 provides that, if you are convicted of a violation of §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211(unlawful distribution of a controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213 (unlawful possession of marijuana, 1st), 13A-12-215 (sale, furnishing, etc., of controlled substance by person over age 18 to person under age 18) or 13A-12-231(drug trafficking), *Code of Alabama* 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or

Original—Court File          Copy - Defendant          Copy - District Attorney          Copy - Defense Attorney

Form CR-52 (back)    Rev. 8/11/2000

## EXPLANATION OF RIGHTS AND PLEA OF GUILTY
(Habitual Felony Offender – Circuit or District Court)

$2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to §13A-12-214 (unlawful possession of marijuana in the second degree), §32-5A-191(a)(3) or §32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ Alcohol/Drug Related Offenses: If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any cost of program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part of all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees.

☐ DNA Samples for Criminal Offenses in §36-18-24: Section 36-18-25(e), *Code of Alabama* 1975, provides that, all persons convicted of any of the offenses set out in §36-18-24(felony offense or any offense contained in Chapter 6 of Title 13A - offenses involving danger to the person - or attempt, conspiracy, or solicitation thereof ), shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ Drug Possession: If you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in §§13A-12-211 to 13A-12-260, inclusive, *Code of Alabama* 1975, an additional fee of $100.00 will be assessed pursuant to §36-18-7, *Code of Alabama* 1975.

☐ Other: _____

### RIGHTS YOU HAVE AND WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You are not required to answer any questions. If you do answer questions knowing that you have a right to remain silent, you will have waived this right.

You have the right to enter, and continue to assert, a plea of "Not Guilty" or "Not Guilty by Reason of Mental Disease or Defect," and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State, just as any other witness is subjected to cross examination. If you decide not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty. If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE, AND YOU WILL BE CONVICTED AND SENTENCED BASED ON YOUR GUILTY PLEA. YOU WILL, HOWEVER, HAVE THE RIGHT TO APPEAL.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

_11-15-0?_
Date

_____
Judge

### ATTORNEY'S CERTIFICATE

I certify that the above was fully read to the defendant by me; that I explained the penalty or penalties involved with the defendant; that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and to my knowledge no one else has done so.

_11/15/?_
Date

_____
Attorney

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and that I have not been threatened or abused or offered any inducement, reward, or hope of reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

_11/15/07_
Date

_____
Defendant

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

|                           |     |                         |
|---------------------------|-----|-------------------------|
| STATE OF ALABAMA,         | )   |                         |
|     Plaintiff,            | )   |                         |
| vs.                       | )   | CASE NO. CC-2004-46     |
| JOHN STEPHEN COLEMAN, SR., | )  |                         |
|     Defendant.            | )   |                         |

### SENTENCING ORDER

This matter came before the Court on this 9th day of December, 2004, for sentencing, the Defendant having entered a plea of guilty to the crime of Unlawful Distribution of a Controlled Substance on November 15, 2004.  The Defendant and his Attorney, Thomas F. Kelly, Jr., were present before the Court, with the State represented by District Attorney Boyd Whigham.

Upon consideration of the pre-sentence report of the Probation and Parole Officer and the oral arguments, testimony, and exhibits presented to the Court, it is the sentence of the law and the judgment of this Court that the Defendant be, and hereby is, sentenced to the penitentiary of the State of Alabama for a period of twenty (20) years for the crime of Unlawful Distribution of a Controlled Substance.  IT IS FURTHER ORDERED that the Defendant shall pay a fine in the amount of $2,000.00, $50.00 for the crime victims compensation fund, attorney's fees, and court costs, said court costs to include an additional fee in the amount of $100.00 for the Alabama Forensic Sciences Trust Fund in accordance with Section 36-18-7 of the *Code of Alabama*.



EXHIBIT

C

Defendant's sentence in this case shall run consecutive to his sentences in Count One and Count Two of Case No. CC-2004-47 and consecutive to his sentences in Count One and Count Two of Case No. CC-2004-48.

**DONE AND ORDERED** this 9th day of December, 2004.

_____
Burt Smithart, Presiding Circuit Judge
Third Judicial Circuit of Alabama

### IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

STATE OF ALABAMA,       )
     Plaintiff,        )
                       )
vs.                      )     CASE NO. CC-2004-47
JOHN STEPHEN COLEMAN, SR.,  )
     Defendant.      )

### SENTENCING ORDER

This matter came before the Court on this 9th day of December, 2004, for sentencing, the Defendant having heretofore on November 15, 2004, entered pleas of guilty to the crimes of Unlawful Distribution of a Controlled Substance in Count One of the Indictment and Selling, Furnishing, or Giving a Controlled Substance to a Minor in Count Two of the Indictment. The Defendant and his Attorney, Thomas F. Kelly, Jr., were present before the Court, with the State represented by District Attorney Boyd Whigham.

Upon consideration of the pre-sentence report of the Probation and Parole Officer and the oral arguments, testimony, and exhibits presented to the Court, it is the sentence of the law and the judgment of this Court that the Defendant be, and hereby is, sentenced to the penitentiary of the State of Alabama , as follows:

For the crime of Unlawful Distribution of a Controlled Substance as set forth in Count One of the Indictment, it is the sentence of the law and the judgment of this Court that the Defendant be, and hereby is sentenced to twenty (20) years in the penitentiary. The Defendant is further ordered to pay a fine in the amount of $2,000.00, $50.00 for the crime victims compensation fund, attorney's fees, and court costs, said court costs to include an additional fee in the amount of $100.00 for the Alabama Forensic Sciences Trust Fund in accordance with Section 36-18-7 of the *Code of Alabama*.

For the crime of Selling, Furnishing or Giving a Controlled Substance to a Minor as set forth in Count Two of the Indictment, it is the sentence of the law and the judgment of this Court that the Defendant be, and hereby is, sentenced to ninety-nine (99) years in the penitentiary and is ordered to pay a fine in the amount of $5,000.00, $50.00 for the crime victims compensation commission, attorney's fees, and court costs, said court costs to include an additional fee in the amount of $100.00 for the Alabama Forensic Sciences Trust Fund in accordance with Section 36-18-7 of the *Code of Alabama.*

Defendant's sentences in this case shall run consecutive to each other and consecutive to his sentences in Count One and Count Two of Case No. CC-2004-48 and consecutive to his sentence in Case No. CC-2004-46.

**DONE AND ORDERED** this 9th day of December, 2004.

Burt Smithart, Presiding Circuit Judge
Third Judicial Circuit of Alabama

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

STATE OF ALABAMA,               )
    Plaintiff,                 )
vs.                             )      CASE NO. CC-2004-48
JOHN STEPHEN COLEMAN, SR.,      )
    Defendant.                 )

## O R D E R

On this day appeared the Defendant with his attorney, Thomas Frank Kelly, Jr., with the

State represented by District Attorney Boyd Whigham; and, with the consent and agreement of

his attorney, the Defendant withdrew his pleas of not guilty and entered pleas of guilty to the

charge of Unlawful Distribution of a Controlled Substance as charged in Count One of the

Indictment, and to the charge of Selling, Furnishing, or Giving a Controlled Substance to a

Minor, as charged in Count Two of the Indictment.  Before accepting Defendant's pleas of

guilty, the Court advised the Defendant of all of his constitutional rights with the colloquy being

taken down by the court reporter.  The Court accepted Defendant's plea of guilty in Count One

and adjudged the Defendant to be guilty of the crime of Unlawful Distribution of a Controlled

Substance.  The Court further accepted Defendant's plea of guilty in Count Two and adjudged

the Defendant to be guilty of the crime of Selling, Furnishing, or Giving a Controlled Substance

to a Minor.

**IT IS HEREBY ORDERED** that a sentencing hearing shall be held before this Court on

December 9, 2004, at 8:30 a.m., at the Bullock County Courthouse in Union Springs, Alabama.

The Probation and Parole Officer is hereby directed to prepare and submit to the Court a pre-

_10_

sentence investigation report and shall provide copies of said report to Defendant's attorney and the District Attorney.

**DONE AND ORDERED** this 15th day of November, 2004.

_Bf Sflf_

Burt Smithart, Presiding Circuit Judge
Third Judicial Circuit of Alabama

2

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

STATE OF ALABAMA,            )
    Plaintiff,               )
vs.                          )      CASE NO. CC-2004-48
JOHN STEPHEN COLEMAN, SR.,   )
    Defendant.               )

### SENTENCING ORDER

This matter came before the Court on this 9th day of December, 2004, for sentencing, the Defendant having heretofore on November 15, 2004, entered pleas of guilty to the crimes of Unlawful Distribution of a Controlled Substance in Count One of the Indictment and Selling, Furnishing, or Giving a Controlled Substance to a Minor in Count Two of the Indictment. The Defendant and his Attorney, Thomas F. Kelly, Jr., were present before the Court, with the State represented by District Attorney Boyd Whigham.

Upon consideration of the pre-sentence report of the Probation and Parole Officer and the oral arguments, testimony, and exhibits presented to the Court, it is the sentence of the law and the judgment of this Court that the Defendant be, and hereby is, sentenced to the penitentiary of the State of Alabama , as follows:

For the crime of Unlawful Distribution of a Controlled Substance as set forth in Count One of the Indictment, it is the sentence of the law and the judgment of this Court that the Defendant be, and hereby is sentenced to twenty (20) years in the penitentiary. The Defendant is further ordered to pay a fine in the amount of $2,000.00, $50.00 for the crime victims compensation fund, attorney's fees, and court costs, said court costs to include an additional fee in the amount of $100.00 for the Alabama Forensic Sciences Trust Fund in accordance with Section 36-18-7 of the *Code of Alabama*.

For the crime of Selling, Furnishing or Giving a Controlled Substance to a Minor as set forth in Count Two of the Indictment, it is the sentence of the law and the judgment of this Court that the Defendant be, and hereby is, sentenced to ninety-nine (99) years in the penitentiary and is ordered to pay a fine in the amount of $5,000.00, $50.00 for the crime victims compensation commission, attorney's fees, and court costs, said court costs to include an additional fee in the amount of $100.00 for the Alabama Forensic Sciences Trust Fund in accordance with Section 36-18-7 of the *Code of Alabama.*

Defendant's sentences in this case shall run consecutive to each other and consecutive to his sentences in Count One and Count Two of Case No. CC-2004-47 and consecutive to his sentence in Case No. CC-2004-46.

**DONE AND ORDERED** this 9th day of December, 2004.

Burt Smithart, Presiding Circuit Judge
Third Judicial Circuit of Alabama

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

STATE OF ALABAMA,                )
    PLAINTIFF,                )

VS.                                        )    CC 2004-46, 47 & 48

JOHN STEPHEN COLEMAN, SR.,       )
DEFENDANT.                       )

## MOTION TO WAIVE GUILTY PLEA

Comes now the defendant, John Stephen Coleman, Jr., by and through his attorney, Thomas F. Kelly, Jr., and after discussion with his Attorney, it is the Defendant's wish to waive his plea of guilty on the following grounds:

1.    Mr. Coleman was sentenced on December 9, 2004, to a term of 20 years in CC 2004-46, 20 years in CC 2004-47 and 99 years in CC 2004-47 (A felony) in the state penitentiary, to run consecutive with his current sentence. He was also sentenced to 20 years in CC 2004-48 and 99 years in CC 2004-48 (A felony) in the state penitentiary, to run consecutive with his current sentence.

2.    The defendant states that he unknowingly entered into a plea agreement. To maintain a plea of guilty in such a case will create a manifest injustice.

3.    Under Rule 14.4 (e) of the Rules of Criminal Procedure, the Court may allow the withdrawal of a plea of guilty when necessary to correct a manifest injustice.

Wherefore, defendant respectfully requests that a hearing be set to consider this motion. Respectfully submitted this the 17th day of December, 2004.

Thomas F. Kelly, Jr.   (KEL056)
Attorney for the Defendant
Post Office Box 605
Clayton, Alabama 36016
(334)775-8009

**EXHIBIT**
D

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the foregoing by U. S. Mail, postage prepaid, upon Honorable S. Boyd Whigham, District Attorney, P. O. Box 61, Eufaula, Alabama 36072, on this the 16th of December, 2004.

Thomas F. Kelly, Jr.   (KEL056)
Attorney for the Defendant

62

### IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

STATE OF ALABAMA,         )
     Plaintiff,        )
Vs.                    )     CASE NO.:  CC-2004-46,47,48
JOHN STEPHEN COLEMAN,  )
     Defendant.     )

### ORDER

This matter comes before the Court on Defendant's Motion to Withdraw Guilty

Pleas hereto filed.  Having reviewed said motion, all pleadings, and the reporter's

transcript of the pleas, the Court hereby denied Defendant's Motion to Withdraw Pleas.

**DONE AND ORDERED** this _____ day of March, 2005.

_____
Burt Smithart, Presiding Circuit Judge
Third Judicial Circuit of Alabama



IN THE CIRCUIT COURT OF _Bullock_____ COUNTY, ALABAMA
NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS OF ALABAMA

_John Coleman_____,_ :
         APPELLANT,

VS.                 :   CASE NO. _2004-46-47-48_

STATE OF ALABAMA,      :       _3-7-05_____
         APPELLEE.      :      DATE OF DENIAL

### NOTICE OF APPEAL

Notice is hereby given that _Petitioner John Coleman_

appeals to the above - named court from the judgment of denial

of _Motion to Withdraw Guilty Plea_____

ENTERED IN THIS CAUSE ON THE _18_ day of _March_____,

20 _05_.

_____

_____

Dated: _3-19-05_____

    I am, this date, serving a copy of the foregoing on all parties

required by the A.R.A.P., via United States Mail, first class and

properly addressed.

                     Respectfully submitted,

                     _John Coleman_



EXHIBIT
F

THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

CR-04-1224

John Stephen Coleman, Sr., Appellant

vs.

State of Alabama, Appellee

Appeal from Bullock Circuit Court No. CC-04-46; CC-04-47; and CC-04-48

## ORDER

Our review of the record reveals that on November 15, 2004, John Stephen Coleman, Sr., entered guilty pleas to three counts of unlawful distribution of a controlled substance, marijuana, in violation of § 13A-12-211, Ala. Code 1975, and to two counts of selling, furnishing, or giving a controlled substance, marijuana, to a minor, in violation of § 13A-12-215, Ala. Code 1975. On December 9, 2004, Coleman was sentenced, as a habitual felony offender, to 20 years' imprisonment on each of the three distribution convictions and to 99 years' imprisonment on each of the distribution-to-a-minor convictions. Thereafter, Coleman filed a motion to withdraw his guilty plea.

Coleman's motion to withdraw his guilty plea was denied by operation of law on February 7, 2005, which was 60 days after he was sentenced. See Wallace v. State, 701 So. 2d 829, 830 (Ala. Crim. App. 1997) ("A motion to withdraw a guilty plea is the functional equivalent of a motion for a new trial."); and Rule 24.4, Ala.R.Crim.P. ("No motion for new trial ... shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section.").

Rule 4(b)(1), Ala.R.App.P., provides that "[i]f a ... motion for new trial ... has been filed within 30 days from pronouncement of the sentence, an appeal may be taken within 42 days (6 weeks) after the denial or overruling of the motion." Rule 2(a)(1), Ala.R.App.P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." (Emphasis added.) Coleman's 42-day appeal time began on February 8, 2005, and ended on March 21, 2005. The case action summary states "3-22-05 Notice of Appeal filed. (C. 3.) Although Coleman dated his notice of appeal March 19, 2005, he did not include a statement indicating that March 19, 2005, was the date he deposited his notice in the prison's internal mail system. (C. 63.) Furthermore, unlike the appellant in Ex parte Wright, 860 So. 2d 1253 (Ala. 2002), he did not include the signatures of witnesses to support his assertion that he served his notice of appeal on that date. Rule 4(c), Ala.R.App.P., provides:

EXHIBIT

G

PENGAD 800-631-6989

"If an inmate confined in an institution and proceeding pro se files a notice of appeal in either a civil or a criminal case, the notice will be considered timely filed if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for 'legal' mail to be processed by the United States Post Office, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a notarized statement that sets forth the day the filing was deposited in the institution's mail system."

Because Coleman did not file his notice of appeal within 42 days after his motion to withdraw his guilty plea was deemed denied, his notice was not timely. As this Court does not have jurisdiction in this case, we set aside and vacate our order dated November 1, 2005. Accordingly, this Court ORDERS that this appeal be and the same hereby is dismissed.

Done this 10th day of November, 2005.

_H. W. "BUCKY" McMILLAN, PRESIDING JUDGE_

cca/

cc:    Hon. L. Bernard Smithart, Judge
       Hon. Wilbert M. Jernigan, Clerk
       Kelli Wise Walker Mills, Court Reporter
       Utopia Conger Cassady, Esq.
       Office of the Attorney General

2



# IN THE SUPREME COURT OF ALABAMA

March 14, 2007

**1060843**

Ex parte John Stephen Coleman, Sr.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: John Stephen Coleman, Sr. v. State of Alabama)  (Bullock Circuit Court: CC04-46; CC04-47; CC04-48; Criminal Appeals : CR-04-1224).

## ORDER

IT IS ORDERED that the petition for writ of certiorari filed on February 26, 2007, is stricken pursuant to Rule 39(c)(2), Alabama Rules of Appellate Procedure.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this *14th* day of _____ *March* _____ *2007*

Clerk, Supreme Court of Alabama

cc:
John Coleman, Pro Se
Hon. Troy R. King, Attorney General
J. Thomas Leverette, Asst. Atty. Gen.

EXHIBIT
H

/ag

# SUPREME COURT OF ALABAMA

| | |
|---|---|
| Robert G. Esdale<br>Clerk<br>Lynn Knight<br>Assistant Clerk | Office of the Clerk<br>300 Dexter Avenue<br>Montgomery, AL 36104-3741<br>(334) 242-4609 |

## 1060843

Ex parte John Stephen Coleman, Sr.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: John Stephen Coleman, Sr. v. State of Alabama) (Bullock Circuit Court: CC04-46; CC04-47; CC04-48; Criminal Appeals : CR-04-1224).

### NOTICE

You are hereby notified that your case has been docketed.  Future correspondence should refer to above Supreme Court case number.  The petition for writ of certiorari was filed with the Supreme Court on 02/26/2007

## AMENDMENTS TO THE RULES OF APPELLATE PROCEDURE

RECENT APPELLATE RULE AMENDMENTS:  Counsel and parties should review recent amendments to the Alabama Rules of Appellate Procedure, effective June 1, 2005 and October 31, 2005.  The amendments can also be found under "Rule Changes" at the Judicial System website at http://www.judicial.state.al.us.

APPELLATE MEDIATION:  On July 17, 2003, the Supreme Court of Alabama adopted Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of civil appeals.  On January 6, 2004, the Supreme Court of Alabama adopted the Alabama Appellate Mediation Rules.  The rules and any amendments can be accessed at http://www.judicial.state.al.us/mediation.  Any counseled civil case may be referred to appellate mediation by the Appellate Mediation Administrator.

SIGNATURE ON BRIEFS: Newly adopted Rule 25A, Alabama Rules of Appellate Procedure, requires that appellate documents be signed by at least one attorney of record or, in a case in which the party is proceeding pro se, by the party.  The rule provides that any unsigned document shall be stricken unless the omission is promptly corrected after it is called to the attention of the attorney or party filing it.

PETITIONS FOR WRIT OF CERTIORARI:  Rule 39 has been amended, effective June 1 and October 31, 2005, to provide that no briefs in support of or in response to a petition for writ of certiorari shall be filed before the writ of certiorari issues unless otherwise ordered by the Court.   Any brief filed in disregard of subsection (b)(4) or subsection (c)(3) of Rule 39 shall be stricken.

OTHER AMENDMENTS TO THE ALABAMA RULES OF APPELLATE PROCEDURE: Other amendments to the Alabama Rules of Appellate Procedure that should be reviewed are those that became effective August 1, 2000; September 1, 2000; and October 1, 2001. Those amendments govern, among other things, the presumptively reasonable time for filing petitions for a writ of mandamus (Rule 21(a)); appellate review of arbitration cases (Rule 4(d)); and applications for rehearing (Rule 40). Also, counsel who are unfamiliar with the "abeyance" procedure should review the amendment to Rule 4 effective February 1, 1994.

## BRIEFS - EXTENSION OF TIME FOR FILING BRIEFS

NOTE: THIS OFFICE IS NOT RESPONSIBLE FOR INFORMING YOU WHEN YOUR BRIEF IS DUE. PLEASE CONSULT RULE 31(a), ALABAMA RULES OF APPELLATE PROCEDURE, FOR TIMES FOR FILING.

Any party requesting an extension pursuant to Rule 31(d) may do so by telephone request to the clerk's office, PRIOR to the date the brief is due. If a Rule 31(d) extension is obtained by a telephone call to the clerk's office, a letter confirming the extension and stating the date the brief will be due shall be sent to the Clerk's office. A copy of the letter must be served on all other attorneys or parties. If a party obtains a seven day extension to file the principal brief pursuant to Rule 31(d), no further extensions will be granted pursuant to that rule. This rule does not apply to briefs ordered filed by the Court, for instance in response to petitions for writs of mandamus. For extensions, please call the Supreme Court Clerk's Office at 334-242-4609.

Motions for enlargement of time to file a brief after the 7 day extension pursuant to Rule 31(d) will not be granted unless extraordinary good cause is shown. Unless there is an unanticipated event or emergency that results in extreme hardship, a motion for enlargement of time will not be granted. A heavy workload alone will not be considered good cause. Any request for enlargement of time must be made by motion and must be filed in the Clerk's office before the first extension has expired.

## FILINGS - NUMBER OF COPIES, COLOR OF COVERS, BINDINGS, SERVICE, ETC.:

NUMBER OF COPIES: An original and 12 copies must be filed.

COLOR OF COVERS OF BRIEFS AND OTHER FILINGS: Rule 32 requires the following colors be used on brief covers: appellant/petitioner -- blue, appellee/respondent -- red, intervenor/amicus -- green, reply -- gray. The cover of any filing not specifically mentioned in the rules shall be white.

CERTIFICATE OF SERVICE: The certificate of service shall contain the attorney's address, telephone number, facsimile number, and e-mail address if any, and party represented for each attorney served.

BINDING OF BRIEFS: Rule 32(a)(3) requires that the brief be bound on the left in a manner that is secure.

FILING: Papers are not considered filed until RECEIVED by the clerk of this Court; however, papers shall be deemed filed on the day of mailing if CERTIFIED, REGISTERED, OR EXPRESS MAIL of the UNITED STATES POSTAL SERVICE is used. Rule 25(a).

NOTICE TO TRIAL COURT CLERK WHEN APPELLEE'S BRIEF IS FILED: Rule 31(a) requires that the appellee give notice of the filing of the appellee's brief to the clerk of the trial court. Compliance with this rule is necessary in order for the trial clerk to know when to forward the record on appeal to the appellate court.

SECOND COPY OF RECORD ON APPEAL: Rule 11(a)(4) requires that the appellant file in this Court a copy of the record on appeal within 14 days after the date shown on the certificate of completion of the record on appeal. NOTE: The second copy of the record of appeal does not have to be filed in those appeals where the record is e-filed.

SETTLEMENT NEGOTIATIONS: If the parties are negotiating a settlement of the case after the case is submitted, they should notify the clerk in writing. No appeal will be dismissed after a proposed opinion has been circulated.

STAYS: There are no stays of time schedules for preparing the record or filing briefs unless this Court issues a specific order granting such a stay. For example, even if a Rule 10(f) motion to supplement the record is granted, the briefing schedule is not stayed unless this Court orders a stay. Any requests for a stay must be made by motion. See also Rule 8(b).

ADMISSION OF NONRESIDENT ATTORNEYS: Pro Hac Vice Rule: Rule VII of the Rules Governing Admission to the Alabama State Bar governs admittance pro hac vice of lawyers who are not members of the Alabama State Bar. Failure to comply with this rule will result in the attorney's name being stricken from any pleadings filed in the Court, and the attorney will not be allowed to participate in any oral argument concerning the appeal. Note that in cases where the attorney whose name is stricken is the only attorney of record, failure to comply with the Rule may result in dismissal of the appeal.

E-FILING PILOT PROJECT: Note that your record may be transmitted to the Court electronically. On March 1, 2005, the Supreme Court of Alabama authorized a pilot project in Lee, Madison, Montgomery, and Russell counties for the purpose of evaluating the usefulness and efficiency of preparing, transmitting, and using documents and pleadings filed electronically in cases appealed to the appellate courts of Alabama. On February 28, 2006, the Chief Justice extended the pilot project and added additional counties to the list of counties eligible to participate in the pilot program. NOTE: The second copy of the record on appeal does not have to be filed if the record on appeal is e-filed.

Robert G. Esdale, Sr., Clerk
Supreme Court of Alabama


The Alabama Trial Court System at your desk

| | |
|---|---|
| **⋮ Main Menu** | Company Name: ATTORNEY GENERALS OFFICE          User ID: JMPORTER          Last login Date: 4/26 |

County:09 - BULLOCK    [Monitor→]    Case Number: 09-CC-2004-000046.60    [NOTICE]
Name:  COLEMAN JOHN STEPHEN SR
Charge:RULE 32-FELONY

**Search**
☐ Party Search
☐ Case Lookup
☐ Attorney Search
☐ Warrant Search
☐ Witness Search
☐ DocketSearch
☐ HotSheet™

**Tracking**
☐ Attorney Tracker
☐ Case Monitor
☐ Name Tracker
☐ Reminders

**Desktop**
☐ My Alacourt

**Administration**
☐ Update User Info

## Case

See Case Detail Record from Alacourt.com version 1

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | 09 - BULLOCK | Case N°: | CC-2004-000046.60 | JID: | LBS HON. BURT! |
| Filed: | 10/03/2006 | AAGCY: | C County | Muni N°: | 00 |
| Arrest date: | 04/29/2004 | Offe date: | 01/20/2004 | ORI: | 0090000 |
| Indict date: | 04/20/2004 | Grand jury: | BS0476 | Atty 1: | KEL056-A |
| Tracking N°'s: | 0/0/0 | | | | |
| Date: | | Que: | | Time: | Desc: |

### Defendant Information

| | | | | | |
|---|---|---|---|---|---|
| Name: | COLEMAN JOHN STEPHEN SR | Alias 1: | | | |
| DOB: | 05/07/1964 | SSN: | 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 | Driv License N°: | |
| Height : | 5'10" | Weight: | 160 | Race/Sex: | White /M |
| SID: | AL223809 | YDate: | | AIS: | |
| Address 1: | EASTERLING CORRECTIONAL | | | Address 2: | 200 WALLACE [ |
| Zip: | 36017 | City: | CLIO | State: | AL |

### Prosecutor and Attorney Info

| | | | | |
|---|---|---|---|---|
| Prosecutor: | REE031 | Name: | REEVES BENJAMIN C JR | Prosecu |
| Attorney 1: | KEL056-A | Name: | KELLY THOMAS FRANK JR | Attorne |
| Attorney 2: | | Name: | | Attorne |

### Warrant Information

| | | | | |
|---|---|---|---|---|
| Warrant Date: | | WARACT: | | WARLO( |
| Warrant Date Code: | - | WARACT Code: | - | WARLO( |
| BP ISS: | | | BP RTN: | |

### Charges

| | | | | | |
|---|---|---|---|---|---|
| 1. Crime co: | RULE | Statute: | RULE 32-FELONY | Stat Name: | RULE 32 |
| 2. Crime co: | | Statute: | | Stat Name: | |
| 3. Crime co: | | Statute: | | Stat Name: | |
| More: | N | Dom Viol: | | Case Type: | F |
| Comment: | | | | | |

### Bonding Information

| | | | |
|---|---|---|---|
| Bond amt: | 0.00 | Bond type: | Bond co: |
| Rel date: | | Sure: | CWIT: |
| Jury Demand: | | | Appeal Type |

**Settings**

**Disposition**

**Sentence**

EXHIBIT
I
PENGAD 800-631-6989

Enforcement

Consolidated Case Action Summary

**Consolidated Case Action Summary** TC 09CC200401

| Date | Time | Code | Comments |
|---|---|---|---|
| 10/05/2006 | 13:46:21 | JUDG | ASSIGNED TO: (LBS) HON. BURT SMITHART (AR01) |
| 10/05/2006 | 13:46:22 | ATY1 | ATTORNEY FOR DEFENDANT: KELLY THOMAS FRANK J(AR01) |
| 10/05/2006 | 13:46:23 | FILE | CHARGE 01: RULE 32-FELONY/#CNTS: 001 (AR01) |
| 10/05/2006 | 13:46:24 | INDT | DEFENDANT INDICTED ON: 04/20/2004 (AR01) |
| 10/05/2006 | 13:46:25 | ARRS | DEFENDANT ARRESTED ON: 04/29/2004 (AR01) |
| 10/05/2006 | 13:46:26 | FILE | FILED ON: 10/03/2006 (AR01) |
| 10/05/2006 | 13:46:27 | STAT | INITIAL STATUS SET TO: "P" - PRISON (AR01) |
| 10/05/2006 | 13:48:05 | CASP | CASE ACTION SUMMARY PRINTED (AR01) |
| 10/05/2006 | 14:05:11 | TRAN | TRANSMITTAL NOTICE SENT TO PROSECUTOR (AR09) |
| 12/08/2006 | 11:27:03 | TRAN | TRANSMITTAL NOTICE SENT TO DEFENDANT (AR09) |
| 12/08/2006 | 11:27:54 | JFEL | JUROR FELONY FLAG SET ON FOR INDIVIDUAL (AR10) |
| 12/08/2006 | 11:27:55 | DISP | CHARGE 01 DISPOSED BY: DISMISSED ON: 12/07/2006 |
| 12/08/2006 | 11:27:56 | DISP | CHARGE 01: RULE 32-FELONY/#CNTS: 001 (AR10) |
| 12/08/2006 | 11:27:57 | DJID | DISPOSITION JUDGE ID CHANGED FROM: TO: LBS |
| 12/08/2006 | 11:27:58 | D001 | ENFORCEMENT STATUS SET TO: "N" (AR10) |
| 01/05/2007 | 13:52:54 | TRAN | TRANSMITTAL NOTICE SENT TO DEF ATTY 1 (AR09) |
| 01/05/2007 | 13:53:06 | TRAN | TRANSMITTAL NOTICE SENT TO DEFENDANT (AR09) |

**Images**   09-CC-2004-000046.60

| Key | Date | Pages | Document Type | Name | |
|---|---|---|---|---|---|

Witness List

Financial

Motions



The Alabama Trial Court System at your desk

| | |
|---|---|
| **:Main Menu** | Company Name: ATTORNEY GENERALS OFFICE     User ID: JMPORTER     Last login Date: 4/26 |

County:**09 - BULLOCK** [Monitor→] Case Number: **09-CC-2004-000047.60** [NOTICE]
Name: **COLEMAN JOHN STEPHEN SR**
Charge:**RULE 32-FELONY**

**Search**
- Party Search
- Case Lookup
- Attorney Search
- Warrant Search
- Witness Search
- DocketSearch
- HotSheet™

**Tracking**
- Attorney Tracker
- Case Monitor
- Name Tracker
- Reminders

**Desktop**
- My Alacourt

**Administration**
- Update User Info

## Case

See Case Detail Record from Alacourt.com version 1

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **09 - BULLOCK** | Case Nº: | **CC-2004-000047.60** | JID: | **LBS HON. BURT** |
| Filed: | **10/03/2006** | AAGCY: | **C County** | Muni Nº: | **00** |
| Arrest date: | **04/29/2004** | Offe date: | **02/28/2004** | ORI: | **0090000** |
| Indict date: | **04/20/2004** | Grand jury: | **BS0477** | Atty 1: | **KEL056-A** |
| Tracking Nº's: | **0/0/0** | | | | |
| Date: | | Que: | | Time: | Desc: |

### Defendant Information

| | | | | | |
|---|---|---|---|---|---|
| Name: | **COLEMAN JOHN STEPHEN SR** | | Alias 1: | | |
| DOB: | **05/07/1964** | SSN: | **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** | | Driv License Nº: |
| Height : | **5'10"** | Weight: | **160** | Race/Sex: | **White /M** |
| SID : | **AL223809** | YDate: | | AIS: | **223809** |
| Address 1: | **EASTERLING CORRECTIONAL** | | | Address 2: | |
| Zip: | **36017** | City: | **CLIO** | State: | **AL** |

### Prosecutor and Attorney Info

| | | | |
|---|---|---|---|
| Prosecutor: | **REE031** | Name: **REEVES BENJAMIN C JR** | Prosecu |
| Attorney 1: | **KEL056-A** | Name: **KELLY THOMAS FRANK JR** | Attorne |
| Attorney 2: | | Name: | Attorne |

### Warrant Information

| | | |
|---|---|---|
| Warrant Date: | WARACT: | WARLO |
| Warrant Date Code: **-** | WARACT Code: **-** | WARLO |
| BP ISS: | BP RTN: | |

### Charges

| | | | | | |
|---|---|---|---|---|---|
| 1. Crime co: | **RULE** | Statute: | **RULE 32-FELONY** | Stat Name: | **RULE 32** |
| 2. Crime co: | | Statute: | | Stat Name: | |
| 3. Crime co: | | Statute: | | Stat Name: | |
| More: | **N** | Dom Viol: | | Case Type: | **F** |
| Comment: | | | | | |

### Bonding Information

| | | | |
|---|---|---|---|
| Bond amt: | **0.00** | Bond type: | Bond co: |
| Rel date: | | Sure: | CWIT: |
| Jury Demand: | | | Appeal Type |

**Settings**

**Disposition**

**Sentence**

## Sentence TC 09CC200400004760

| | | |
|---|---|---|
| Sent: | Begin: | End: 0 |
| IMP CONF: 00 00 000 | SUSP CONF: 00 00 000 | Total Conf: 00 00 000 |
| LICN Susp: 00 00 000 | Probation: 00 00 000 | PRB Rev: |

### Monetary

| | | |
|---|---|---|
| Cost: | Fine Imp: 0.00 | Fine Susp: 0.00 | CVCC: |
| WCCS: | MCOS: | JFEE: 0.00 | DRGF: # 0 |
| PREL: | DRUG: | RCUP: 0.00 | SUBP: |
| RES1: 0.00 | | RES2: 0.00 | |
| RES4: 0.00 | | RES5: 0.00 | |

### Confine

| | | | | | |
|---|---|---|---|---|---|
| PENT: | LIFE: | LWOP: | DEATH: | SPLIT: | BOOT: DAYS:0 |
| JAIL: | CCUR: | CSEC: | CTERM: | RVSPL: | GANG: DAYS:0 |

### Programs

| | | | | | |
|---|---|---|---|---|---|
| JDVR: | IPROB: | AASCH: | DUI: | DDC: | CSV: HOURS: 0 |
| PTRL: | BCSCH: | MNTL: | CRO: | ASCH: | ANGER: |

### Enhanced

| | | | |
|---|---|---|---|
| PROJ: | CNOT: | SCH: | VDOB: |
| DRUGCODE: | MEAS: | VOL: 0.00 | |

SEC/CUR:

Comment:

Bal Due:      Due:                        CRO:                        Updated:

## Enforcement

## Consolidated Case Action Summary

### Consolidated Case Action Summary TC 09CC200400...

| Date | Time | Code | Comments |
|---|---|---|---|
| 10/05/2006 | 13:50:27 | JUDG | ASSIGNED TO: (LBS) HON. BURT SMITHART (AR01) |
| 10/05/2006 | 13:50:28 | STAT | INITIAL STATUS SET TO: "P" - PRISON (AR01) |
| 10/05/2006 | 13:50:29 | FILE | FILED ON: 10/03/2006 (AR01) |
| 10/05/2006 | 13:50:30 | ARRS | DEFENDANT ARRESTED ON: 04/29/2004 (AR01) |
| 10/05/2006 | 13:50:31 | INDT | DEFENDANT INDICTED ON: 04/20/2004 (AR01) |
| 10/05/2006 | 13:50:32 | ATY1 | ATTORNEY FOR DEFENDANT: KELLY THOMAS FRANK J(AR01) |
| 10/05/2006 | 13:50:33 | FILE | CHARGE 01: RULE 32-FELONY/#CNTS: 001 (AR01) |
| 10/05/2006 | 13:50:34 | CASP | CASE ACTION SUMMARY PRINTED (AR01) |
| 12/08/2006 | 11:28:42 | DJID | DISPOSITION JUDGE ID CHANGED FROM: TO: LBS |
| 12/08/2006 | 11:28:43 | DISP | CHARGE 01 DISPOSED BY: DISMISSED ON: 12/07/2006 |
| 12/08/2006 | 11:28:44 | DISP | CHARGE 01: RULE 32-FELONY/#CNTS: 001 (AR10) |
| 12/08/2006 | 11:28:45 | D001 | ENFORCEMENT STATUS SET TO: "N" (AR10) |

**Images**   09-CC-2004-000047.60

| Key | Date | Pages | Document Type | Name | |
|-----|------|-------|---------------|------|--|

**Witness List**

**Financial**

**Motions**



The Alabama Trial Court System at your desk

Company Name: ATTORNEY GENERALS OFFICE          User ID: JMPORTER          Last login Date: 4/26

**Main Menu**

**Search**
☐ Party Search
☐ Case Lookup
☐ Attorney Search
☐ Warrant Search
☐ Witness Search
☐ DocketSearch
☐ HotSheet™

**Tracking**
☐ Attorney Tracker
☐ Case Monitor
☐ Name Tracker
☐ Reminders

**Desktop**
☐ My Alacourt

**Administration**
☐ Update User Info

County:**09 - BULLOCK**    Monitor→    Case Number: 09-CC-2004-000048.60    NOTICE
Name: **COLEMAN JOHN STEPHEN SR**
Charge:**RULE 32-FELONY**

## Case

See Case Detail Record from Alacourt.com version 1

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **09 - BULLOCK** | Case N°: | **CC-2004-000048.60** | JID: | **LBS HON. BURT** |
| Filed: | **10/03/2006** | AAGCY: | **C County** | Muni N°: | **00** |
| Arrest date: | **04/29/2004** | Offe date: | **03/03/2004** | ORI: | **0090000** |
| Indict date: | **04/20/2004** | Grand Jury: | **BS0478** | Atty 1: | **KEL056-A** |
| Tracking N°'s: | **0/0/0** | | | | |
| Date: | | Que: | | Time: | Desc: |

### Defendant Information

| | | | | | |
|---|---|---|---|---|---|
| Name: | **COLEMAN JOHN STEPHEN SR** | Alias 1: | | | |
| DOB: | **05/07/1964** | SSN: | **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** | Driv License N°: | |
| Height : | **5'10"** | Weight: | **160** | Race/Sex: | **White /M** |
| SID: | **AL223809** | YDate: | | AIS: | **223809** |
| Address 1: | **EASTERLING CORRECTIONAL** | | | Address 2: | |
| Zip: | **36017** | City: | **CLIO** | State: | **AL** |

### Prosecutor and Attorney Info

| | | | | |
|---|---|---|---|---|
| Prosecutor: | **REE031** | Name: | **REEVES BENJAMIN C JR** | Prosecu |
| Attorney 1: | **KEL056-A** | Name: | **KELLY THOMAS FRANK JR** | Attorne |
| Attorney 2: | | Name: | | Attorne |

### Warrant Information

| | | | | |
|---|---|---|---|---|
| Warrant Date: | | WARACT: | | WARLO( |
| Warrant Date Code: | **-** | WARACT Code: | **-** | WARLO( |
| BP ISS: | | | BP RTN: | |

### Charges

| | | | | | |
|---|---|---|---|---|---|
| 1. Crime co: | **RULE** | Statute: | **RULE 32-FELONY** | Stat Name: | **RULE 32** |
| 2. Crime co: | | Statute: | | Stat Name: | |
| 3. Crime co: | | Statute: | | Stat Name: | |
| More: | **N** | Dom Viol: | | Case Type: | **F** |
| Comment: | | | | | |

### Bonding Information

| | | | |
|---|---|---|---|
| Bond amt: | **0.00** | Bond type: | Bond co: |
| Rel date: | | Sure: | CWIT: |
| Jury Demand: | | | Appeal Type |

## Settings

## Disposition

## Sentence



**Sentence** TC  09CC200400004860

| | | |
|---|---|---|
| Sent: | Begin: | End: **0** |
| IMP CONF: **00 00 000** | SUSP CONF: **00 00 000** | Total Conf: **00 00 000** |
| LICN Susp: **00 00 000** | Probation: **00 00 000** | PRB Rev: |

**Monetary**

| | | |
|---|---|---|
| Cost: | Fine Imp: 0.00 | Fine Susp: 0.00 | CVCC: |
| WCCS: | MCOS: | JFEE: 0.00 | DRGF: # 0 |
| PREL: | DRUG: | RCUP: 0.00 | SUBP: |
| RES1: 0.00 | | RES2: 0.00 | |
| RES4: 0.00 | | RES5: 0.00 | |

**Confine**

| | | |
|---|---|---|
| PENT: | LIFE: | LWOP: | DEATH: | SPLIT: | BOOT: DAYS:0 |
| JAIL: | CCUR: | CSEC: | CTERM: | RVSPL: | GANG: DAYS:0 |

**Programs**

| | | |
|---|---|---|
| JDVR: | IPROB: | AASCH: | DUI: | DDC: | CSV: HOURS: 0 |
| PTRL: | BCSCH: | MNTL: | CRO: | ASCH: | ANGER: |

**Enhanced**

| | | |
|---|---|---|
| PROJ: | CNOT: | SCH: | VDOB: |
| DRUGCODE: | MEAS: | VOL: 0.00 | |

SEC/CUR:

Comment:

Bal Due:    Due:    CRO:    Updated:    C

## Enforcement

## Consolidated Case Action Summary

**Consolidated Case Action Summary** TC  09CC200400

| Date | Time | Code | Comments |
|---|---|---|---|
| 10/05/2006 | 13:52:16 | JUDG | ASSIGNED TO: (LBS) (AR01) |
| 10/05/2006 | 13:52:17 | STAT | INITIAL STATUS SET TO: "P" - PRISON (AR01) |
| 10/05/2006 | 13:52:18 | INDT | DEFENDANT INDICTED ON: 04/20/2004 (AR01) |
| 10/05/2006 | 13:52:19 | ATY1 | ATTORNEY FOR DEFENDANT: KELLY THOMAS FRANK J(AR01) |
| 10/05/2006 | 13:52:20 | ARRS | DEFENDANT ARRESTED ON: 04/29/2004 (AR01) |
| 10/05/2006 | 13:52:21 | FILE | FILED ON: 10/03/2006 (AR01) |
| 10/05/2006 | 13:52:22 | FILE | CHARGE 01: RULE 32-FELONY/#CNTS: 001 (AR01) |
| 10/05/2006 | 13:52:23 | CASP | CASE ACTION SUMMARY PRINTED (AR01) |
| 12/08/2006 | 11:29:09 | DJID | DISPOSITION JUDGE ID CHANGED FROM: TO: LBS |
| 12/08/2006 | 11:29:10 | DISP | CHARGE 01 DISPOSED BY: DISMISSED ON: 12/07/2006 |
| 12/08/2006 | 11:29:11 | DISP | CHARGE 01: RULE 32-FELONY/#CNTS: 001 (AR10) |
| 12/08/2006 | 11:29:12 | D001 | ENFORCEMENT STATUS SET TO: "N" (AR10) |

**Images**    09-CC-2004-000048.60

| Key | Date | Pages | Document Type | Name |
|-----|------|-------|---------------|------|
|  |  |  |  |  |

**Witness List**

**Financial**

**Motions**