IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JOHN STEPHEN COLEMAN, SR.,           *
#223 809
        Petitioner,                         *

        v.                                  *           2:07-CV-294-MHT
                                                    (WO)

WARDEN DAVENPORT, *et al*.,            *

        Respondents.                        *

_____

**ORDER**

      This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner John Coleman, Sr., on April 5, 2007.  In this petition, Petitioner challenges his  convictions for drug offenses entered against him  by the Circuit Court for Bullock County, Alabama, on November 15, 2004 pursuant to his guilty pleas.[1] On December 9, 2004 the trial court sentenced Petitioner to a twenty year term of imprisonment on each count of unlawful distribution of a controlled substance. Petitioner received a 99 year term of imprisonment on each conviction for selling to a minor. Each sentence was ordered to run consecutively.  (Doc. No. 7, Exhs. A, B, C.)

      Petitioner filed a written notice to withdraw his guilty pleas on December 17, 2004. The motion was denied by operation of law on February 7, 2005 pursuant to A.R.Cr.P. 24.4. The trial court issued a written order on March 7, 2005 denying Petitioner's request to

_____

[1]Petitioner pled guilty to three counts of unlawful distribution of a controlled substance and two counts of selling to a minor.  (Doc. No. 7, Exh. B.)

withdraw his guilty pleas.  On March 22, 2005 Petitioner filed written notice of appeal with the Alabama Court of Criminal Appeals.  On November 10, 2005 the appellate court dismissed the appeal as untimely filed.  Petitioner filed a petition for writ of certiorari on February 26, 2007. On March 14, 2007 the Alabama Supreme Court ordered the petition stricken as untimely under Rule 39(c)(2), A.R.A.P.  (Doc. No. 7, Exhs. D, E, F, G, I.)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]  Respondents contend that because Petitioner's convictions became final in March 2005 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents concede that Petitioner filed a Rule 32 petition with the trial court on October 3, 2006.  They argue, however, that the petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Petitioner entered guilty pleas to three counts of unlawful distribution of a controlled substance, marijuana, and two counts of selling, furnishing, or giving a controlled substance, marijuana, to a minor in the Circuit Court for Bullock County, Alabama, on November 15, 2004.  On December 4, 2004 he was sentenced, as a habitual offender, to 20 years imprisonment on each of the three distribution convictions and to 99 years on each conviction for distribution to a minor. Petitioner's motion to withdraw his guilty pleas, filed December 17, 2004, was denied by operation of law on February 7, 2005. *See* A.R.Cr.P., 24.4 ("No motion for new trial . . . shall remain pending in the trial court for more than sixty (60) days after pronouncement of sentence, except as provided in this section.").  Thus, by operation of law, Petitioner's time to appeal his convictions and sentence began to run on February 8, 2005 and expired on March 21, 2005.  Petitioner's notice of appeal, considered by the Alabama Court of Criminal Appeals as having been filed on March 22, 2005, was, therefore,  dismissed as untimely filed.  Since Petitioner failed to properly undertake the direct appeal process, he could not petition the United States Supreme Court for review of his convictions.  Petitioner's drug convictions, therefore, became final, at the latest, on March 21, 2005, forty-two days after his motion to withdraw his guilty plea was denied by operation of law as this is the date on which his time to seek direct review expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.  The one-year period of

3

limitation contained in section 2244(d)(1)(A) therefore began to run on this date and ran uninterrupted until the limitation period expired on March 21, 2006. (Doc. No. 7, Exh. B, C, D, E, F, G.)

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Although Petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[3] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  It is, therefore, clear that the state post-conviction petition filed by Petitioner on October 3, 2006 had no affect on the running of the limitation period  applicable to the instant federal habeas petition.  *Webster*, 199 F.3d at 1259. (Doc. No. 7, Exh. I.)

------

[3]Petitioner filed a Rule 32 petition in state court on October 3, 2006 - more than six months after § 2244(d)'s one-year period of limitation had expired.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition.  In light of the foregoing, it is

ORDERED that on or before May 24, 2007 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

DONE, this 4th day of May 2007.


_____/s/ Susan Russ Walker_____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE