The United States District Court
For the Middle district of Alabama
Northern Division

Objection of John Stephen Coleman Sr.

of Pro Se Representation

2:07-CV-294-MHT (WO)

Easterling Cor. Fac.
200 Wallace Drive
Clio, Al 36017

Court

In the United States District Court
For the Middle District of Alabama
Northern Division

MAY 15 A 9:54

John Stephen Coleman, Sr.
#223809   Petitioner

Versus

Warden Davenport, et al.
Respondents

2:07-CV-294-MHT (WO)

The Attornies, Susan Russ Walker - US Magistrate, file ordered by May 24, 2007. Versus Jail house Lawyer "T. Sunday, Pro Se"; <u>Petitioner's objections</u>

1: John Coleman, Sr. challenges his convictions for drug offenses entered against him in Circuit "Bullock County, Alabama" pursuant to his guilty pleas. Court Respondents (Doc. No. 7, Exhs. A, B, C.) § 2244 (d)(2); See Artuz V. Bennett, 531 U.S. 4, 8 (2000); IF

2: Pursuant to the orders of this Court, Respondents filed an answer in which an answer they argue that the instant habeas petition is barred by the one year limitation period applicable to 28 U.S.C. § 2254 Petitions. The Petitioner argues supported with clearly established law and alleges foretelling ghost applications to Bar his state-fed habeas petition is not in the

-1-

of Tolling: In Lindh v. Murphy, the Supreme Court ruled that the AEDPA will not be retroactively applied to Non capital habeas petitions that were pending as of April 24, 1996.

(3): Because of Petitioner Colemans guilty pleas on or around Nov. 15, 2004 to Dec. 9, 2004 is clearly before the Anti-Terrorism and Effective Death Penalty Act of 1996 (the AEDPA) is not applicable. As of April 24, 1996, the date the AEDPA became effective. 521 U.S. 320, 336 (1997); see also Slack v. McDaniel, 529 US 473, 482 (2000) (AEDPA) standard not applied to habeas action before actions.

(4): Failure to allege an essential element of the charged offense is a jurisdictional defect that renders the indictment void. Ex Parte Lewis 811 So.2d 485 (Ala. 2001); Stringer v. Hedgepeth 280 F.3d 826, 829 (8th Cir. 2002); As order explains pertenent, The motion [Rec. 24.4] was denied by operation of law on Feb. 7, 2005. 1 year, one month before the Act became effective. Fisher v. Gibson 282 F.3d 1283, 1290 (10th Cir. 2002);

(5): Even if that application contains procedurally barred claims: Dolancy v. Florida Dept. of Corr. 246 F.3d 1328, 1331 (11th Cir. 2001);

-2-

(6) Initial Petitions filed before, prior to AEDPA enactment, Szuchor v. Lechman, 273 F.3d 292, 312 (3rd Cir. 2001)(AEDPA standard not applied where initial petition filed prior to AEDPA enactment); Mewez v. Weldon, 283 F.3d 179, 184 Mandatory Discovery: Rule 26 all argument incorporated

(7): In Lopez v. Scully, 58 F.3d 38, 43 (2d Cir. 95)(resentencing hearing mandated for Petitioner ineffectively represented by Counsel); Production of documents Rule 34 of Fed. Rules Civ. Pro—

8): Cause is shown in Paragraphs 1 through 7 requires evidentiary hearing, Set Sentence aside and relief granted);

Respectfully Submitted
John Coleman
John Coleman thrue
Jailhouse Lawyer
Johnson v. Avery
393 US 483: 21 L.ed 2d 718.

Certificate of Service

John Coleman hereby deposites this brief the 11th day of May, 2007 and he respectively means business.
28 U.S.C. § 1746

-3-

John Steven Coleman
Easterling Corr Fac. G2-13A
200 Wallace Drive
Clio, AL 36017

Legal Mail

MONTGOMERY AL 361
14 MAY 2007 PM 1 T

Office of The Clerk
United States District Court
P.O. Box 711
Montgomery Alabama
36101-0711

36101+0711

Mag. Wallace
"Susan Russ Sull"

The United States District Court For
The Middle District of Alabama
Northern Division

John Stephen Coleman "Sr." Versus Warden
Davenport Respondents, Et. Al.

Jail house Lawyer, "Tim Sunday," # 213453

Greetings!

1: Specifically, John Coleman "Sr." challenges his con-
victions for drug offenses entered "Bullock County,
Alabama", pursuant to his guilty, see "Court, Respond-
ents (Doc. No. 7, Exhs. A, B, C, hereby Incorporated.
§ 2244(d)(2); See Artuz v. Bennett, 531 U.S. 4, 8,
(2000):

IF:

2: Pursuant to the Orders of this Honorable Court,
Answer of Respondents filed, argue this instant
habeas petition is barred by the one year limitat-
ion period applicable to 28 U.S.C. § 2254 Pet's.
It is the argument of the Petitioner, supported
with clearly established law, and allegations
foretelling ghost applications to bar his state, fed,
habeas corpus petition is not in the best inter-
ests of law. Tolling. See Lindh v. Murphy, where the
Supreme Court ruled that the AEDPA will not be
retroactively applied to non capital habeas petit-
ioner's that were pendings as of April 24-1996.

Please turnover →

-1-   28 U.S.C. § 2254

3: Because of Petitioner's Coleman's Guilty Pleas on or about Nov. 15th, 2004 to Dec. 9, 2004; is clearly established before the Anti-Terrorism And Effectiveness-(Sorry) -- Death Penalty Act of 1996 [the AEDPA] is Not Applicable. As of April 24, 96, the date the [AEDPA] became effective. 521 U.S. 320, 336 (1997): See Also, "Slack v. McDaniel, 529 U.S. 473, 482 (2000) [AEDPA]: Standard Not Applied to habeas Action before Action.

(4): Failure to Allege an essential element of the charged offense is a jurisdictional defect that renders the indictment Void, Ex-Parte Lewis 81 So.2d 485 (Ala. 2001); Stringer v. Hedgepeth 280 F.3d 826, 829 (8th Cir. 2002): As order explains Pertenant, The Motion [24.4] was denied by operation of law on 2-2-2005. 1 Year, one month before the Act became effective Fisher v. Gibson 282 F.3d 1283, 1290 (10th Cir. 2002):

5: Even if that Application contains Procedurally barred claims: Delaney v. Florida Dept. of Corrections 296 F.3d 1328, -1331 (11th Cir. 2001).

---

-2-    28 U.S.C. § 1746

(6) Initial Petitions filed before, Prior to AEDPA enactment: Szuchon v. Lechman, 273 F.3d 299, 312 (3d Cir. 2001)(AEDPA standard Not Applied where initial Petition Filed Prior to AEDPA enactment); McWee v. Weldon, 283 F.3d 179, 184 (4th Cir. 2002); Givens v. Cockrell, 265 F.3d 306, 308 (5th Cir. 2001)(AEDPA standard Not Applied because Petition Filed Prior to AEDPA's effective date); Mandatory Discovery: Rule 26, All arguments incorporated.

(7) Lopez v. Scully, 58 F.3d 38, 43 (2d Cir. 95)(Re-Sentencing hearing Mandated for Petitioner ineffectively represented by Counsel. Production of documents: Fed. Rule 34, Civil Procedure.

8. Cause is Shown in Paragraphs 1 through 7 requires evidentiary hearing, set sentence aside and relief Granted.

Respectfully
Submitted

_____

Certificate of Service

Certified mailed this 11th day of May 2007, Mail Box Rule Houston v. Lack, 28 U.S.C. §1746