IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JOHN STEPHEN COLEMAN, SR., #223 809 | * | |
| Petitioner, | * | |
| v. | * | 2:07-CV-294-MHT (WO) |
| WARDEN DAVENPORT, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner John Coleman, Sr., on April 5, 2007. In this petition, as amended,[1] Petitioner challenges the convictions for drug offenses entered against him by the Circuit Court for Bullock County, Alabama, on November 15, 2004 pursuant to his guilty pleas.[2] On December 9, 2004 the trial court sentenced Petitioner to twenty years' imprisonment on each conviction for unlawful distribution of a controlled substance and 99 years' imprisonment on each conviction for selling to a minor. The trial court directed the sentences to run consecutively. (*Doc. No. 7, Exhs. A, B, C.*)

Petitioner filed a written notice to withdraw his guilty pleas on December 17, 2004.

---

[1]The court originally entered a Recommendation on September 24, 2009 to which Petitioner filed objections on October 2, 2009. After reviewing Petitioner's objections, the court withdrew the September 24 Recommendation and construed the objections as a motion to amend the petition. The instant Recommendation addresses the petition, as amended.

[2]Petitioner pled guilty to three counts of unlawful distribution of a controlled substance and two counts of selling to a minor. (*Doc. No. 7, Exh. B.*)

The motion was denied by operation of law on February 7, 2005 pursuant to A.R.Cr.P. 24.4. In addition, the trial court issued a written order on March 7, 2005 denying Petitioner's request to withdraw his guilty pleas. On March 22, 2005 Petitioner filed written notice of appeal with the Alabama Court of Criminal Appeals. On November 10, 2005 the appellate court dismissed the appeal as untimely filed, noting in part that Petitioner's "42-day appeal time began on February 8, 2005, and ended on March 21, 2005." (*See Doc. No. 7 at Exh. G.*) Petitioner filed a petition for writ of certiorari on February 26, 2007. On March 14, 2007 the Alabama Supreme Court ordered the petition stricken as untimely under Rule 39(c)(2), A.R.A.P. (*Doc. No. 7, Exhs. D, E, F, G.*)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. (*Doc. No. 7 at pgs.5-6.*) *See* 28 U.S.C. § 2244(d)(1).[3] Respondents contend that because Petitioner's convictions became final in March 2005 – **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a Rule 32 petition with the trial court on October 3, 2006. (*Doc. No. 7 at Exh. I.*) They argue, however, that the petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and, therefore, was not pending as required by

---

[3]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 8*.) The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Petitioner filed his response on May 15, 2007. (*Doc. No. 9*.) Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I. DISCUSSION

*A. The Federal Period of Limitation*

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court denies

certiorari, the time to apply for certiorari expires or this avenue of relief no longer exists. *Id.*

Petitioner entered pleas of guilty to three counts of unlawful distribution of a controlled substance and two counts of selling to a minor in the Circuit Court for Bullock County on November 15, 2004.  On December 9, 2004 the trial court sentenced Petitioner to consecutive terms of 20 years imprisonment for each count of unlawful distribution and 99 years imprisonment for each count of selling to a minor.  Petitioner filed a motion to withdraw his guilty pleas on December 17, 2004 which was denied by operation of law on February 7, 2005. *See* A.R.Cr.P., 24.4 ("No motion for new trial . . . shall remain pending in the trial court for more than sixty (60) days after pronouncement of sentence, except as provided in this section.").  Notice of appeal from this denial was due 42 days later, on March 21, 2005.  Petitioner filed an appeal with the Alabama Court of Criminal Appeals on March 22, 2005 but the same was denied as untimely on November 10, 2005. (*Doc. No. 7, Exh. G.*) Therefore, Petitioner's November 15, 2004 guilty plea convictions became final when the 42 day period to appeal provided for by Ala.R.App.P. 4(b)(1) expired – on March 21, 2005. *Cf. Adams v. United States*, 173 F.3d 1339, 1342 n. 2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date and ran uninterrupted until the limitation period expired on March 21, 2006.

    *i. Statutory Tolling*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition with the trial court, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on October 3, 2006 had no effect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

  *ii. Equitable Tolling of the Limitation Period.*

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th

6

Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

Petitioner argues entitlement to equitable tolling of the limitation period because he presents a jurisdictional claim (void indictment) which he maintains is not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). (*See Doc. No. 9.*) Neither the statute nor federal case law, however, makes such an exception for alleged jurisdictional issues arising under state law. Petitioner also argues that his 2004 guilty pleas were entered prior to enactment of the AEDPA thereby making its provisions inapplicable

to him. (*Id.*) This contention is simply inaccurate. Petitioner, therefore, has not established that the instant habeas petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitation period. *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007 (" 'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.' ").

Even if the court allows equitable tolling of the limitation period until such time as the Alabama Court of Criminal Appeals issued its November 10, 2005 order dismissing Petitioner's appeal as untimely, the court finds that, under the circumstances, the limitation period would have begun to run on November 24, 2005 – fourteen days after entry of the appellate court's November 10 order as this is the time during which Petitioner could have filed a request for rehearing with the appellate court. Rule 40, *Alabama Rules of Appellate Procedure*; *see Coates* 211 F.3d 1225; *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety days of the action undertaken by the aforementioned state court). After the appellate court entered its order denying Petitioner's appeal as untimely, Petitioner undertook no additional timely action relative to his direct appeal.[4] Thus, at the time Petitioner filed his Rule 32 petition in the Circuit Court for Bullock County on October 3, 2006, 312 days or

---

[4] As noted, the Alabama Supreme Court struck as untimely Petitioner's petition for writ of certiorari filed in his criminal case on February 26, 2007. (*Doc. No. 7, Exh. H*.)

8

ten months and 8 days of the limitation period had run. This petition remained pending in the state courts until January 18, 2006 – 42 days after the trial court's December 7, 2006 order denying the post-conviction petition as this is the time within which Petitioner could have appealed the trial court's decision. (*See Doc. No. 7, Exh. I.*) Thus, as of the aforementioned date, Petitioner had 53 days of the applicable limitation period remaining, or until March 12, 2007, within which to file a timely federal habeas petition. Petitioner filed his habeas corpus petition with this court 24 days later on April 5, 2007.

## B. *Expiration of the Limitation Period.*

Based on the foregoing, the court concludes that there is no credible basis for either equitable or statutory tolling of the limitation period until Petitioner filed this cause of action.[5] The record is devoid of evidence that Petitioner's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. The reasons set forth by Petitioner for his untimeliness are

---

[5]The court notes Petitioner's claim raised in his petition, as amended, challenging the Alabama Court of Criminal Appeals' determination that his appeal was untimely filed. Petitioner maintains that the appellate court failed to give him the benefit of the "mailbox rule" when determining the date he filed his notice of appeal. That is, Petitioner argues that he signed his appeal on March 19, 2005 and gave it to prison officials for mailing on that date, and thus, the appellate court should have considered March 19, 2005 as the date of filing rather than March 22, 2009, the day it was stamped "filed" with that court. *See Ex parte Jones,* 773 So. 2d 989 (Ala. 1998) (inmate's notice of appeal was deemed filed on the date he gave it to prison authorities for mailing). Petitioner did not seek further relief from the appellate court's November 10, 2005 decision in a timely fashion, and thus, even if this claim were not barred by the limitation period, it would be procedurally barred from federal habeas review. *See e.g., Snowden v. Singletary,* 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.").

insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period. He has likewise presented nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, Petitioner's habeas petition is due to be dismissed as untimely.

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by John Coleman, Sr., be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before November 3, 2009. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 21st day of October, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE